BEE BUILDING COMPANY, APPELLEE, v. WEBER GAS & GASO-
LINE ENGINE COMPANY; ATLAS OIL COMPANY, APPEL-
LANT.

FILED MARCH 10, 1910. No. 15,941.

1. **Pleading**: DEFENSES. The defense that a written instrument was executed and delivered under a mistake of fact must be pleaded specially; it cannot be proved under a general denial of the allegation of the execution and delivery of the writing.

2. Trial: INSTRUCTIONS. If a material fact is alleged in the pleadings, and proved without contradiction by the evidence, it is the duty of the court to so instruct the jury.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Hugh A. Myers,* for appellant.

*W. J. Connell* and *Walter P. Thomas, contra.*

SEDGWICK, J.

In March, 1908, Mr. W. A. Eddy was the representative of the Atlas Oil Company in Omaha, and one Smith represented the Weber Gas & Gasoline Engine Company at that place. On the 28th of March of that year Mr. Eddy and Mr. Smith executed a contract of lease with the plaintiff, whereby the plaintiff leased a certain building in Omaha for the term of one year for the agreed rental of $100 a month. This lease was signed by Mr. Smith as "Mgr. Weber Gas & Gasoline Engine Co.", and was signed by Mr. Eddy individually. It also recites that the Weber Gas & Gasoline Engine Company and W. A. Eddy are the lessees. The building was occupied and used by the Weber Gas & Gasoline Engine Company and the Atlas Oil Company, and other parties. Eight hundred dollars of the rent was paid, and this action was brought by the plaintiff to recover the remaining $400 of the year's rent, with interest thereon. Both of the above named companies were made defendants, as was also Weston A. Eddy, who signed the lease, as before stated. There was no service on the Weber company, and at the close of the evidence the plaintiff dismissed the action as to Mr. Eddy. The petition alleges that the plaintiff and the Weber Gas & Gasoline Engine Company and W. A. Eddy entered into a contract of lease, whereby the Weber company and "the said W. A. Eddy, as appears on the face of said lease, did rent and lease" the building, etc. It sets out the terms of the lease and the payments, as above stated, and contains the allegation that "with reference to the

name of said W. A. Eddy, as appearing in said lease, and with reference to the said signature of W. A. Eddy, the said plaintiff alleges that said lease was intended to be made to and taken by, and in fact was made to and taken by the said Atlas Oil Company, a corporation which was represented by the said W. A. Eddy, in said Omaha, as its general agent and manager, and the signature of W. A. Eddy to said lease was intended to be, and was in fact, his signature in his representative capacity of agent and manager of the said Atlas Oil Company", and then alleges that two days after the making of the lease the Atlas Oil Company, by its secretary and manager, A. E. Roblee, at the general office of said Atlas Oil Company, ratified and approved the making of the lease for and on behalf of the said Atlas Oil Company, and notified the plaintiff in writing that the said lease was assumed by said Atlas Oil Company, and that Mr. Eddy was the western representative of said company and had notified them that he had entered into a lease "for said building, which was then occupied by said company." The answer alleges that the lease with the plaintiff was entered into with the Weber company and Mr. Eddy, and that Mr. Eddy "did rent and lease from said plaintiff" the building described in the petition. The terms of the lease are stated as in the petition. It denied specifically that, "with reference to the name of W. A. Eddy appearing in said lease and with reference to said signature of W. A. Eddy, said lease was in any way intended to be made to, and was taken by the said Atlas Oil Company", and that the lease was taken by W. A. Eddy in his individual capacity, and that the Atlas Oil Company thereafter became a subtenant of Mr. Eddy. The allegations of the petition that the Atlas Oil Company ratified and assumed the lease are answered only by a general denial. The answer admits that the Atlas Oil Company occupied the building with the Weber company for the full period, but denies that it occupied said building under said lease, and alleges that it occupied and used the building only as a subtenant

of Mr. Eddy. The answer then contains the allegation that the full sum of $1,200 was paid to the plaintiff on account of the said lease "by the said W. A. Eddy and the Weber Gas & Gasoline Engine Company", and denies specifically that there is anything due to the plaintiff. It also alleges that Mr. Eddy gave his personal note for the sum of $400 to the plaintiff, which was the balance due upon the lease, and received therefor a receipt in full, and pleads Mr. Eddy's discharge in bankruptcy as a complete defense. It appeared to be necessary to thus fully set out the condition of the pleadings in order to present the precise points in controversy between the parties.

1. Upon the trial of the case the plaintiff introduced in evidence a letter, purporting to come from the Atlas Oil Company, which is as follows: "The Atlas Oil Company, Miners' Lard and Lubricating. Office, 1050 Rose Bldg. Works, Junction C. & P. & N. Y. P. & P. R. R.'s. A. E. Roblee, Secy. & Manager. Cleveland, O., Mar. 30, 1904. Mr. C. C. Rosewater, Prop. Omaha Bee, Omaha, Neb. Dear Sir: Our western representative, Mr. W. A. Eddy, has advised us that he has entered into a lease with you for the building now occupied by us at 916 Farnam St., Omaha, Neb., and that you wished to have a statement from us as to whether such lease had our approval. We beg to advise you that Mr. Eddy is our authorized representative, and that the lease which he has made is in the name of the company, and is assumed by us. We have a contract with Mr. Eddy, as our representative, which will not expire until Jan. 1st, 1905. Yours truly, The Atlas Oil Company, per A. E. Roblee, Secy. Dict. to S." Thereupon, on behalf of the Atlas Oil Company, it was offered to prove that upon the execution of the lease, at the request of Mr. Rosewater, who was the agent of the plaintiff in the transaction, Mr. Eddy wrote the following letter to the Atlas Oil Company: "The Atlas Oil Co. Miners' Lard and Lubricating. W. A. Eddy, General Western Sales Agent. 1308-10-12 Izard street. Phone, Douglas

2702. Omaha, Neb., March 28, 1904. Mr. A. E. Roblee, Cleveland, Ohio. Dear Sir: I have today made a lease with Mr. C. C. Rosewater, of the Omaha Bee, for the building we are now in. Mr. Smith, manager of the Weber Gas & Gasoline Engine Co., has gone in jointly with me on the lease. We are going to have in a power elevator. The building costs us $100 per month, Mr. Smith paying one-half and myself the other half. However, we will have three extra floors, and presume we will have no difficulty in getting a tenant for them. One is occupied already, but we think we have a party to lease the rest, or at least have two parties in view. What Mr. Rosewater will want is a statement from you that you consider me all right, such a lease, stating that you have a contract with me, that will not terminate until January 1, 1905. Yours respectfully, The Atlas Oil Company, per W. A. Eddy, Western Sales Agent." The introduction of this letter was objected to as irrelevant under the issues, and incompetent. Some technical objections as to the introduction of the letter were also made, which, under our view of the case, it is not necessary to consider. The object of this evidence appears to be, and is in the briefs declared to be, to show that the ratification and assumption of the lease on the part of the Atlas Oil Company by its letter of March 30 was made under a mistake of fact and without actual knowledge of the character of the contract that Mr. Eddy had entered into, and so was not binding upon the company. It will be observed that this letter speaks of Mr. Smith and his relation with the contract in precisely the same terms that it speaks of Mr. Eddy and his relation therewith, and it is considered by all parties that Mr. Smith entered into the contract of lease solely as agent of the company which he represented and on behalf of that company. It is not contended that Mr. Rosewater dictated the terms of Mr. Eddy's letter to his company or knew in what terms it had been written, and if Mr. Eddy led his company to believe that he had entered into the lease as agent of his company and on

behalf of the company, and, acting under that belief, the company assumed the lease, it may well be doubted whether such a letter from Mr. Eddy to his company would prove or tend to prove a state of facts that would relieve his company from the liability which it definitely assumed by its letter of the 30th of March. However that may be, while there is no doubt that it would have been competent for the defendant to have pleaded and proved that its assumption of the lease was made under a mistake of fact, it is equally clear that such proof would not be competent under general denial. Ratification by the principal of an unauthorized act of his agent will not be binding upon the principal, unless made with knowledge of the facts. When, however, as in this case, the ratification is in writing, and not only ratifies the act of agent, but expressly assumes the contract made by him, and it appears without contradiction that the principal has received the benefits of the contract, it devolves upon the principal to show that such ratification and assumption of the contract was made under a mistake of fact or was procured by fraud. The defense sought to be proved by the evidence offered is inconsistent with the defense pleaded. If the company never did ratify and assume the lease it is impossible that it should have done so under mistake of fact, and there can be no doubt that this evidence was properly excluded.

2. The court instructed the jury: "For the purposes of this case you are instructed that you are to consider as established that by reason of the use of plaintiff's premises by defendant, the Atlas Oil Company, that the Atlas Oil Company became indebted to the plaintiff in the sum of $400 as rent money. The theory of the defense of the Atlas Oil Company that is submitted to you is that Mr. Eddy assumed said debt of $400 and paid the same to the plaintiff by his promissory note for said amount, and that thereby the obligation of the Atlas Oil Company to pay said sum ceased." This instruction is seriously complained of in the brief. It was indeed quite

decisive, and must have been of great importance in its influence upon the verdict of the jury. It is the duty of the court, however, to define accurately the issue of fact submitted to the jury, and to remove from their consideration all questions that are settled by the pleading or that are immaterial to the issue to be presented. There was much evidence given as to the relation of Mr. Eddy to the lease when it was made, and as to whether he acted in making it solely for himself, or in his representative capacity for the defendant. This evidence was in some respects conflicting; but that issue seems to have been wholly eliminated from the case by the parties before the case was submitted to the jury. As already shown, the petition stated the fact that the lease appeared upon its face to be the contract of Mr. Eddy, and not of the company that he represented, and then presented the issue that the company had afterwards ratified and assumed the contract. The writing which the plaintiff introduced established this fact, and the evidence furnished was wholly uncontradicted. The attempted defense that the company ratified and assumed the contract under a mistake of fact was properly excluded as not having been presented in the answer. The principal, therefore, and not the agent, incurred the liability, and the first part of the instruction was correct.

The last part of the instruction presented to the jury the remaining issue that was in fact controverted by the parties. It was alleged in the answer that Mr. Eddy had paid the debt, and he testified that in payment of the balance due upon the lease he gave to the company his promissory note and that the company received it in payment of the same. He also introduced in evidence the plaintiff's receipts which upon their face showed that the rent had been paid in full. The company's agent denied that Mr. Eddy ever gave a promissory note to the company. He testified that there was a writing given by Mr. Eddy by which he promised to pay the company the balance of the rent. That writing was produced and was received in

evidence. He also testified that the receipt which covered the $400 now claimed was given at the request of Mr. Eddy to enable his company to maintain an action at law which had been or was about to be begun against the Weber company. Taking all the evidence that was offered upon this branch of the case into consideration, the most that can be said in favor of Mr. Eddy's contention upon this point is that the evidence was somewhat conflicting as to whether Mr. Eddy had in fact given a promissory note, and whether the writing which he did give was given in settlement of the balance of the rent and was so received by the plaintiff. This instruction fairly presented this issue to the jury.

3. When the letter of March 30 from the company was presented in evidence it was objected to by the defendant. The foundation for the introduction of the letter in evidence was not very satisfactory. The signature thereto was not shown to be that of the company's secretary, nor was it shown that the letter was received in the regular course of mail in answer to a former letter of inquiry. The plaintiff's agent, however, swore specifically that "it was a communication from the Atlas Oil Company", one of the defendants in this case, and was received from him about or soon after this date, and that it was the original letter. While the objection to this evidence contained the statement that it was "irrelevant, incompetent and immaterial", the whole objection taken together indicates that it was predicated wholly upon the supposition that the writing was not sufficiently connected with or identified by the contract of lease to make it relevant to the issue presented, and the brief of defendant discusses it wholly in that light. We do not think therefore that the irregularity in its introduction, if any, ought now to be considered important. No other matters are suggested and discussed in the brief, and we have found no errors requiring a reversal of the judgment.

The judgment of the district court is therefore

AFFIRMED.