JOY U. MYERS, APPELLEE, v. CHARLES WILLMEROTH, APPELLANT.

39 N. W. 2d 423

Filed October 27, 1949. No. 32654.

*J. E. Willits,* for appellant.

*James E. Addie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for the forcible detention of a residence property brought by the appellee on the claim that the appellant was holding over his term because of the failure to pay rental therefor when due. Appellant interposed the defense of not guilty. The trial resulted in a verdict and judgment for appellee. The record shows that appellee was the owner of the property; that appellant was a tenant thereof from month to month by an oral lease for a rental of $10 a month, an installment of which was due on February 15, 1947; that demand was then made for it; that no rental was paid on that date; and that appellant was served with a proper notice to quit.

The issue was whether or not the appellant was in default of payment of his rent to the appellee on February 15, 1947. The plea of not guilty by appellant put in issue all the facts necessary to entitle appellee to have restitution of property. Myers v. Willmeroth, 150 Neb. 416, 34 N. W. 2d 756. Appellee was required to establish by a preponderance of the evidence that appellant had defaulted in the payment of the rental.

The rental was to be paid in cash, by the performance of work, or the furnishing of supplies. Appellant claims that he performed work and furnished commodities of a value in excess of the amount of the rent. This is denied by appellee. The evidence was in conflict, and the determination of the fact was for the jury.

Appellant claims error in the failure of the court to give to the jury instruction No. 1 requested by him. It

stated that before the appellant could be found guilty, the burden of proof was on the appellee to prove by a preponderance of the evidence that $10 rent was due from appellant on February 15, 1947, and was unpaid either by work performed, supplies furnished, or cash paid by him to appellee, and if a preponderance of the evidence failed to show that the rent was unpaid by any of the methods mentioned, or if the evidence in reference thereto was evenly balanced, the verdict of the jury should be for the appellant. An instruction given by the court fully and correctly advised the jury as to all of the matters included in the tendered instruction. It told the jury that the verdict must be not guilty unless it was satisfied by the greater weight of the evidence that on February 15, 1947, the total unpaid balance owing by appellant to the appellee was greater than the total indebtedness of appellee to appellant for services rendered and articles furnished; that the jury should compute the total amount of rent which accrued during the time appellant occupied the house, and deduct therefrom all cash payments made thereon, and the balance would be the unpaid rent referred to in the instruction; that it should determine the value of all work done and supplies furnished by appellant to appellee; that the unpaid rent as determined by the jury should be compared with the total amount it found due from appellee to appellant for services and supplies, and if the unpaid rent was greater than the amount found due for the services and supplies, then the verdict should be for appellee; but if the jury found the unpaid rent was less than the indebtedness of appellee to appellant, or if it found the respective amounts were equal, or if the evidence in reference thereto was evenly balanced, then the verdict of the jury should be not guilty. The refusal to give a requested instruction is not error when the subject thereof is substantially and correctly included in the charge of the court to the jury. Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680; Allen v. Massachusetts Mutual

Life Ins. Co., 149 Neb. 233, 30 N. W. 2d 885; Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832.

The appellant asserts it was error for the court to give instruction No. 1 to the jury. It advised the jury that the question for it to decide was whether or not the appellant was on February 15, 1947, in default of his rent to appellee; that the evidence established without dispute that appellee owned the building in question; that he rented it to appellant for a rental of $10 a month, payable in advance on the 15th of each month; that as tenant appellant had occupied the building since 1941; that appellant did not pay the $10 agreed rental on February 15, 1947; that demand was made for it; and that appellee served notice on appellant to quit, as provided by law. The evidence justified each of the statements made in this instruction. There is no dispute of fact as to any of them. The appellant makes specific objection to the clause therein "that the defendant did not pay the $10.00, agreed rental on February 15, 1947." The appellant contends by this the court decided the issue in the case; that it was a direction by the court to the jury to render a judgment for the appellee, and that it is in direct and total conflict with the prior statement in the instruction that the question for the jury to decide was "whether the defendant on February 15, 1947, was in default in his rent to the plaintiff." The jury was not advised by the court that the rent due February 15, 1947, was not paid. The instructions considered as a whole, as they must be, clearly show that what the court intended by the phrase objected to was that the appellant did not pay the agreed rental due on February 15, 1947, on that date when demand was made for its payment, and that the court did not intend and did not withdraw from the jury the question of whether the appellant had prior thereto paid cash, performed labor, or furnished supplies to appellee sufficient to satisfy the rental due that date.

The meaning of an instruction, and not the phraseology, is the important consideration, and a claim of

prejudice will not be sustained when the meaning of an instruction is reasonably clear. When different instructions are given on the same subject, they should be considered together, and if they fairly submit the case, it will not be reversed for seeming indefiniteness or ambiguity in one of the instructions. In determining whether or not there was error in the giving of a sentence or clause in an instruction, it will be considered in connection with the instruction of which it is a part, and all the other instructions, and the true meaning of the instruction will be determined not from a separate phrase or sentence but by considering all that is said on the subject. Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175; Pruitt v. Lincoln City Lines, 147 Neb. 204, 22 N. W. 2d 651; Oliver v. Nelson, 128 Neb. 160, 258 N. W. 69; Zelenka v. Union Stock Yards Co., 82 Neb. 511, 118 N. W. 103.

It appears from the evidence that appellant had been paying his monthly rental on the 15th day of each month in advance for a period of 20 months immediately preceding February 15, 1947. The last payment was made on January 15, 1947. There is no contradiction in the evidence that he did not pay the rent due on February 15, 1947, although demand was then made therefor, and the court was justified in advising the jury that it was an established fact. The trial court should eliminate all matters not in dispute and submit to the jury only the controverted questions of fact upon which the verdict must depend. Major v. Harrison, 132 Neb. 363, 272 N. W. 201; Zancanella v. Omaha & C. B. St. Ry. Co., 93 Neb. 774, 142 N. W. 190; Fitzgerald v. Union Stock Yards Co., 91 Neb. 493, 136 N. W. 838; Bee Building Co. v. Weber Gas & Gasoline Engine Co., 86 Neb. 326, 125 N. W. 518. The instructions given by the court when considered as a whole are free from conflict, and fairly submitted the case to the jury.

The judgment of the trial court should be, and is, affirmed.

AFFIRMED.