ESTHER HINER, APPELLANT, V. JERRY NELSON, APPELLEE.

119 N. W. 2d 288

Filed February 1, 1963. No. 35239.

Ross & O'Connor and Thomas F. Carl, for appellant.

Fraser, Stryker, Marshall & Veach, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This action was brought by the plaintiff and appellant Esther Hiner against the defendant and appellee Jerry Nelson, in the district court for Douglas County, Nebraska. Its object was to recover damages for personal injuries sustained by plaintiff, a pedestrian, as she was

struck by an automobile driven by the defendant in Omaha, Nebraska.

Trial to a jury resulted in a verdict and judgment for defendant. On the plaintiff's motion for new trial being overruled, she has brought the cause to this court on appeal.

The trial court submitted to the jury the issue of the defendant's negligence and the plaintiff's contributory negligence. The plaintiff assigns no error in submitting the issue of contributory negligence, but does assign error in the instructions by which it was submitted.

The plaintiff assigns error in the giving of instructions Nos. 4, 5, and 13 by the court on its own motion; that the court erred generally in failing to instruct the jury with respect to the plaintiff's theory of the case; that its instructions mentioned gave undue prominence to defendant's contention of contributory negligence and were confusing and misleading to the jury; and that it failed to define the phrase "preponderance of the evidence."

After stating that the dispute was concerning a collision between the automobile operated by defendant in a southerly direction on Twenty-seventh Street and plaintiff walking in a westerly direction across Twenty-seventh Street in or south of the crosswalk located on the south side of Leavenworth Street, the court gave its instructions Nos. 3 and 4, which must be considered together that instruction No. 4 be understood. They are set out as follows: "No. 3. Principal disputed factual contentions of the parties are: Contention A: On the occasion in suit defendant was negligent in one or more of the following respects: (1) In failing to have his automobile under reasonable control. (2) In driving his automobile at a high and unreasonable speed. (3) In failing to sound any warning. (4) In failing to keep a proper lookout. Contention B: On the occasion in suit plaintiff was negligent. Contention C: Such negligence of defendant was a proximate cause of harm to

plaintiff. Contention D: Negligence of plaintiff was a proximate cause of harm to herself. Contention E: The nature and extent of such harm to plaintiff is established. The foregoing statement is not to be considered by the jury as evidence in this case, but as principal disputed factual contentions of the parties.

"No. 4. If you find that all of Contentions A, C, and E of instruction No. 3 have been proved by a preponderance of evidence, your verdict will be for plaintiff unless you find that both of Contentions B and D of Instruction No. 3 have been proved by a preponderance of evidence and you further find upon a comparison of any such negligence of the parties in accordance with instruction No. 13 that plaintiff is not entitled to recover. If any one, or more than one, of Contentions A, C, and E of Instruction No. 3 have not been so proved, your verdict will be for defendant."

Contention A in instruction No. 3 includes in the alternative the four specifications of negligence set out therein. The two instructions make it clear that the jury need only find one or more of the several items of negligence mentioned in contention A to be so proved. Instruction No. 4 refers to contention A as a whole and not to the four specifications set out therein. Thereafter if the jury found under contention C that any such negligence was the proximate cause of the plaintiff's injury or "harm," as it was termed therein, and that such "harm" to the plaintiff was established, as set out in contention E, its verdict should be for the plaintiff unless it also should find that the plaintiff was negligent as stated in contention B and that such negligence was a proximate cause of her injury or "harm" as set out in contention D. In considering each of these contentions the jury was told it must find them proved by a preponderance of the evidence.

We think these two instructions properly set out what the jury must find to entitle recovery by the plaintiff. It further provided that if all these conten-

tions A, C, and E were not so proved it should find for the defendant. It further provided that if the jury found the defendant was negligent resulting in harm to the plaintiff which was established but further found the plaintiff was negligent which was a proximate cause of her injuries also, it should compare such negligence of the parties, as provided in instruction No. 13, which reads as follows: "If you find that all contentions of instruction No. 3 have been proved by a preponderance of evidence, you will then proceed to compare the negligence of the parties as stated in Contentions A, B, C, and D of instruction No. 3. Upon such comparison you may find the degrees of negligence to be as indicated on one of the horizontal lines in the chart in this instruction, and your verdict will then be the verdict stated on the horizontal line expressing your finding.

CHART

'MS' means 'more than slight'
'LG' means 'less than gross'

| Degree of Plaintiff's Negligence | Degree of Defendant's Negligence | Verdict for |
|---|---|---|
| Slight | Gross | Plaintiff |
| Slight | LG | Defendant |
| MS | Gross | Defendant |
| MS | LG | Defendant |

"If you find for plaintiff you will deduct from the whole amount of harm experienced by her such proportion thereof as her negligence bears to the entire negligence in the case as shown by the evidence and return a verdict for the balance only."

By this instruction No. 13 the jury is again told to compare the negligence of the parties. It is then given the table above set out with the instruction that "MS" means "more than slight" and "LG" means "less than gross" and the table sets out for whom its verdict should be after comparing the negligence of the parties in ac-

cordance with what its findings should be as shown on the chart.

The plaintiff objects to this instruction. Her counsel urge that the chart over-emphasizes the defendant's contention; and that it in effect directs the jury to return a verdict for the plaintiff on its findings in only one of four instances and a verdict for the defendant in the other three. This of course is true, but it nevertheless follows the law as set out in our comparative negligence statute. § 25-1151, R. R. S. 1943.

This court has repeatedly approved, and still approves, the instruction in regard to comparative negligence set out in Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158. That instruction is as follows: "If * * * plaintiff is found to be guilty of negligence directly contributing to the injury complained of, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith; and if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory negligence of plaintiff, however slight, will defeat a recovery. And even when plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of damage sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained." See, also, Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704; Emel v. Standard Oil Co., 117 Neb. 418, 220 N. W. 685; and many other cases. All the courts and lawyers of this state are familiar with it. It doubtless would be preferred by those who are well versed in our practice. It has become a standard instruction in this state. Yet we cannot say that instruction No. 13 does not properly set out the

law. A juror in properly considering the usual instruction taken from Morrison v. Scotts Bluff County, *supra*, should have all four of these situations in his mind. The jury should nevertheless find for the defendant in the same three instances set out in instruction No. 13 in this case and should find for the plaintiff only in the one instance, and then only after diminishing the verdict in proportion to the negligence of the parties. This court cannot say that the minds of jurors would be confused to the extent of preventing them from returning a fair and impartial verdict under the instructions as given on the law of negligence and comparative negligence. The plaintiff contends the instructions are complicated and confusing. This to a layman's mind might be true under the instruction usually given. It must be remembered the jurors are not familiar with legal usage and the comparative negligence law itself is complicated, and an instruction in either instance must also be somewhat complicated.

Plaintiff also complains that the jurors must turn from one instruction to another and that they would be confused. She contends instructions Nos. 3, 4, and 13 should have been placed close together in order that they be better understood. This situation also might exist in most instructions which in all cases are to be considered together. Instructions Nos. 3 and 4 are instructions relative to the issues of the negligence of the parties. It was necessary to use instruction No. 13 only if the jury determined the negligence of both parties had been to some extent the cause of the injury. Under the circumstances we cannot say the separation of these instructions was prejudicial.

We will now set out the rules which we think must govern our decision herein.

"Instructions to a jury should be considered as a whole and if they fairly submit the case that is all the law requires." Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579.

"The meaning of an instruction, not the phraseology, is the important consideration, and a claim of prejudice will not be sustained when the meaning of an instruction is reasonably clear." Brown v. Hyslop, 153 Neb. 669, 45 N. W. 2d 743.

"Where the meaning of an instruction is clear and a correct statement of the law, error cannot be predicated on the selection of words." Oliver v. Nelson, 128 Neb. 160, 258 N. W. 69.

Plaintiff complains of the court's failure to properly define the words "preponderance of the evidence." Its instruction No. 5 reads as follows: "No. 5. The burden is upon a party maintaining a contention of instruction No. 3 to prove same by a preponderance of evidence. A contention is so proved if, but only if:

"(a) You consider fully and fairly all evidence in the case, and (b) From such consideration your persuasion of truth of the contention is stronger than your persuasion of its falsity.

"If your persuasion of falsity of the contention is stronger, if you have no persuasion of truth or falsity, or if your persuasions of truth and falsity are evenly balanced, the contention is not proved by a preponderance of evidence."

We think this instruction sufficiently sets out what the court meant by preponderance of the evidence; that all of the instructions state the law correctly; and that this court cannot say that they were confusing to the jury or that the phraseology, though not that usually current in usage, would confuse the jury. It follows that the errors assigned by the plaintiff cannot be sustained and the judgment of the trial court must be affirmed.

AFFIRMED.

SIMMONS, C. J., not participating.