KARL G. HUETTER, APPELLANT, V. ALFRED CASCIO ET AL., APPELLEES.

119 N. W. 2d 507

Filed February 8, 1963. No. 35276.

Kelley, Grant & Costello, for appellant.

Gross, Welch, Vinardi & Kauffman and Schatz & Mac-Kenzie, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action for damages for personal injuries, brought by Karl G. Huetter against Alfred Cascio and Eileen Cascio, doing business as Cascio's Steak & Pizza House. A trial to a jury resulted in a verdict and judgment for the defendants. Plaintiff's motion for a new trial was overruled, and he perfected his appeal to this court.

Defendants operate a bar and steak house in the city of Omaha. The plaintiff, on the evening of August 28, 1959, was a patron or invitee on the premises. After plaintiff had ordered his meal, he left the table to go to the men's room. He went to a door which he assumed to be the men's room. This door was near the exit door, had no sign, and was unlocked. Plaintiff opened the door and fell down the basement steps, sustaining permanent injuries.

The trial court submitted the issue of defendants' negligence and the plaintiff's contributory negligence to the jury. No error is assigned on the sufficiency of the evidence or in the submission of the issue of contributory negligence. The only errors assigned in this court are the giving of instructions Nos. 3, 4, and 9, and the overruling of the plaintiff's motion for a new trial, which is predicated upon the giving of the alleged erroneous instructions.

The instructions complained of are as follows:

"No. 3 Some principal disputed factual contentions of the parties are: Contention A: On the occasion in suit defendants were negligent in one or more of the following respects: (1) In negligently failing to warn plaintiff of the presence of the stairway. (2) In negligently failing to barricade the stairway. Contention B: That on the occasion in suit defendants knew or in the exercise of reasonable care should have known of the absence of a barricade of the stairway. Contention C: Such negligence of defendants was a proximate cause of harm to plaintiff. Contention D: On the occasion in suit plaintiff was negligent. Contention E: Negligence of plaintiff was a proximate cause of harm to himself. The foregoing statement is not to be considered by the jury as evidence in this case but as some principal disputed factual contentions of the parties.

"No. 4 If you find that all of Contentions A, B, and C of instruction No. 3 have been proved by a preponderance of evidence, your verdict will be for plaintiff,

unless you find that both of Contentions D and E have been proved by a preponderance of evidence and you further find upon a comparison of any such negligence of the parties in accordance with instruction No. 9 that plaintiff is not entitled to recover on his claim. If any one, or more than one, of Contentions A, B, and C have not been so proved, your verdict will be for defendants. * * *

"No. 9   If you find that all contentions of instruction No. 3 have been proved by a preponderance of evidence, you will then proceed to compare the negligence of the parties.   Upon such comparison you may find the degrees of negligence to be as indicated on one of the horizontal lines on the chart in this instruction, and your verdict will then be the verdict stated on the horizontal line expressing your finding.

"CHART
" 'MS' means 'more than slight'
" 'LG' means 'less than gross'

| "Degree of Plaintiff's Negligence | Degree of Defendant's Negligence | Verdict for |
|---|---|---|
| "Slight | Gross | Plaintiff |
| "Slight | LG | Defendant |
| "MS | Gross | Defendant |
| "MS | LG | Defendant |

"If you find for plaintiff you will deduct from the whole amount of harm experienced by him such proportion thereof as his negligence bears to the entire negligence in the case as shown by the evidence and return a verdict for the balance only."

It is readily apparent that the above instructions are exactly the same as instructions Nos. 3, 4, and 13 considered and approved by this court in Hiner v. Nelson, *ante* p. 725, 119 N. W. 2d 288.   What we said in that opinion sufficiently covers the assignments herein.

We therefore find no merit in plaintiff's assignments of error, and affirm the judgment herein.

AFFIRMED.

SIMMONS, C. J., not participating.