LESLIE C. LANDMESSER, JR., APPELLANT, v. COUNTY OF
CHEYENNE, NEBRASKA, ET AL., APPELLEES.

154 N. W. 2d 760

Filed December 8, 1967. No. 36596.

Barney, Carter & Buchholz and Herbert M. Brugh, for appellant.

Clinton & McNish and John Peetz, Jr., for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff unwittingly detonated a tear gas projectile that had been fired during a police operation 3 days earlier, and the explosion injured him. In this action the city of Sidney and the county of Cheyenne, Nebraska, are defendants allegedly responsible for the behavior of the individual defendants. At the trial negligence, contributory negligence, and governmental immunity from liability were controverted. The court dismissed the action against all defendants at the close of plaintiff's evidence-in-chief. On appeal the topics for discussion are contributory negligence, exclusion of evidence, and governmental immunity.

This type of missile, known as a barricade piercing projectile, has a percussion fuze, tail fins, and an approxi-

mate length of 9 inches. It is lobbed from a 37 millimeter firearm, and impact detonation ruptures the shell, freeing the chemical. On the case but not on the shell a warning appears in substance as follows: To fire directly at any person may cause serious injury or death.

During the evening of June 15, 1964, the officers were attempting to remove the husband of Ramona Rhoden from her home in Sidney. Four projectiles were lobbed toward the house, but only two exploded. After the husband's surrender a routine collection of debris was made. Recovering one unexploded shell, the officers overlooked the other which lay under a curtain on a hallway floor. They finished the operation without a shell count or further search in spite of a similar experience of Sidney policemen the preceding year.

When Ramona returned home on the morning of June 17 or 18, 1964, she found the projectile. According to her, she then telephoned defendant Myron Peter, communications officer on duty at the Sidney police station, that she had found a bomb. He said that it was harmless, that "the only thing it could possibly do was burn your hands if there was any tear gas in it." Advising her to throw it in the trash, he also said that the police junked "them" at the dump. According to Myron, "She said she had a gas shell * * * that had been there for two or three days." Without asking for further description, Myron assumed the object to be a case or a spent projectile. Aware of a possibility of burns but unaware of any explosive property, he said he did not know whether the object was dangerous. The information was not logged.

In the afternoon of June 18, 1964, Ramona and her 4-year-old son, Mikie, visited Lily Langdon at the latter's home in Sidney. Four young men—plaintiff, 19 years of age, Jim and Jerry Langdon, and Bob Rankin—were also present. They saw Mikie playing outside with the projectile. Ramona subsequently handed it to them. The projectile had a bent fin and an appearance of cor-

rosion. Jerry handled it like a club. All hurled it in the air 30 feet. Plaintiff and Bob, curious about the odor of tear gas, began disassembly. Having unscrewed the tail fins and removed the firing pin and spring, they tried unsuccessfully with a stick to open a supposed valve. Plaintiff finally held with one hand the shell nose on a porch floor and with the other hand a punch in the shell cavity. Bob lightly tapped the punch once with a hammer, and the projectile exploded.

Plaintiff, who had completed 1 year of college, owned a firearm; and he knew the functions of primer, firing pin, and hammer. The evidence does not necessarily prove, however, that a prudent man in the position of plaintiff would have recognized a risk of injury. The claim against the individual defendants should have gone to the jury.

Plaintiff offered evidence concerning a statement that Ramona had made upon handing the shell to the young men. In response to a question she had related to them the substance of her conversation with Myron. The evidence was unsuccessfully offered to show state of mind. The characteristics of the shell were not common knowledge, and plaintiff was not required to know them. The conversation was relevant, the hearsay rule inapplicable, and the exclusionary ruling erroneous. See, Restatement 2d, Torts, § 290, p. 47; McCormick on Evidence, § 228, pp. 464, 465.

As to the individual defendants the judgment is reversed and the cause remanded. On the question whether the city and the county are immune from liability the court is divided evenly. For that reason the judgment of dismissal is affirmed as to the public entities.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.