LESLIE C. LANDMESSER, JR., APPELLANT, V. RONALD AHLBERG ET AL., APPELLEES.

166 N. W. 2d 124

Filed March 14, 1969. No. 37080.

Barney, Carter & Buchholz and Herbert M. Brugh, for appellant.

Clinton & McNish, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Plaintiff was injured by the detonation of a tear gas

projectile that had been fired some 3 days before. The negligence action here was against eight separate individual defendants who were all police officers or deputy sheriffs. Under special findings, the jury, by a 5/6's verdict, found that each of the defendants was negligent, but that such negligence was not a proximate cause of the plaintiff's injuries; and that plaintiff was negligent, but that such negligence was not a proximate cause of the injuries. The court dismissed plaintiff's action as to each defendant and the plaintiff has appealed.

This is the second appearance of this action in this court. In the prior case, the City of Sidney and the County of Cheyenne were also defendants. Dismissal as to the public entities was affirmed. The case was remanded for retrial as against the individual defendants on the ground that the case should have been submitted to the jury as to them. The evidence, which is essentially the same, is set out in Landmesser v. County of Cheyenne, 182 Neb. 345, 154 N. W. 2d 760, and will not be completely restated.

Condensed and summarized, the evidence is that seven of the individual defendants participated in various aspects of a police operation at the home of Ramona Rhoden in Sidney, Nebraska. Following the operation, one unexploded tear gas projectile was overlooked and left in the house. The eighth defendant was a communications officer who had a telephone conversation with Mrs. Rhoden after her discovery of the projectile. Through a series of events in which Mrs. Rhoden and other individuals not defendants participated, the projectile reached the hands of the plaintiff some 3 days later, on the porch of Lily Langdon's residence some distance away.

The plaintiff, Leslie C. Landmesser, Jr., and a friend, Bob Rankin, began disassembly in an effort to open a supposed valve. "Plaintiff finally held with one hand the shell nose on a porch floor and with the other hand a punch in the shell cavity. Bob lightly tapped the

punch once with a hammer, and the projectile exploded." The plaintiff's injuries were a mangled left hand and severe tear gas burns to the face and eyes resulting in permanent impairment of vision.

Plaintiff contends that the court should have directed a verdict in his favor on the issue of contributory negligence, and that issue should not have been submitted to the jury; that the court erred in overruling plaintiff's motion for a directed verdict against each of the defendants on the issue of liability; and that there was error in the instructions.

On the issue of contributory negligence, the defendants assert that our former decision established the law of the case and that the issue was for the jury. The plaintiff, however, raises the implication that the evidence in the two cases is materially different in that the testimony of Mrs. Rhoden as to what she told the plaintiff and Rankin about the projectile was excluded in the former case but admitted in the present case. Boiled to its essence, the plaintiff's position is that because Mrs. Rhoden told the plaintiff that the tear gas projectile had been fired and was harmless, the plaintiff cannot be guilty of contributory negligence here. In effect, it is contended that the plaintiff should be treated as a small child who could not be expected to know anything about gas, firearms, or some ordinary laws of physics. This ignores the evidence. Plaintiff was 19 years old; had completed 1 year of college; owned a firearm; and knew the functions of primer, firing pin, and hammer. Plaintiff had been told by Mrs. Rhoden that the object was a tear gas projectile, but that it was harmless because it had already been fired. Plaintiff and Rankin thoroughly examined, and on two occasions removed the fins and some parts of the rear assembly. The metal body of the projectile was intact. Plaintiff and Rankin had shaken the object before dismantling it and heard the sound of liquid inside. Plaintiff knew that gas under pressure is sometimes a liquid. Plaintiff's testimony

was that at the time he and Rankin applied the punch and hammer, he anticipated that tear gas would come out although they expected it to seep out. They "were just going to smell it and then move back." Under the facts here, the issue of whether the plaintiff was or was not negligent in doing what he did was a question for the jury.

The plaintiff also contends that a verdict should have been directed against each of the defendants on the issue of liability. It is probably sufficient to quote our former opinion as to this issue. We said there: "The claim against the individual defendants should have gone to the jury." Landmesser v. County of Cheyenne, *supra*.

A holding of this court on a first appeal becomes the law of the case on a retrial of the same issues unless on a second trial the facts are materially and substantially different. Muller Enterprises, Inc. v. Samuel Gerber Adv. Agcy., Inc., 182 Neb. 261, 153 N. W. 2d 920. On the issue of the defendants' conduct, the evidence here is virtually identical with that on the first trial.

The plaintiff contends that since the jury found that each of the defendants was negligent, it could not properly find, as it did, that the negligence of each defendant separately was not a proximate cause of plaintiff's injury. The essence of the argument is that the finding that a defendant was negligent establishes his liability. This ignores the finding of the jury that the plaintiff was contributorily negligent. It also ignores the fact that this was a complicated chain of events in which the independent conduct of many individuals was involved. The jury was required to consider the evidence as it related to each of the eight defendants separately. Even where conduct is negligent, it is still required that the conduct be a substantial factor in bringing about the harm. Causation in this sense inevitably involves the idea of responsibility, and it is not enough that the harm would not have occurred had the indi-

vidual defendant not been negligent. See Restatement, Torts 2d, § 431, p. 428, Comment a., p. 429. See, also, Leon Green, The Causal Relation Issue in Negligence Law, 60 Mich. L. Rev., No. 5, p. 543 et seq.

Among the considerations which are important in determining whether an actor's conduct is a substantial factor in bringing about harm to another is the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it. See Restatement, Torts 2d, § 433, p. 432, and Comment on Clause (a), p. 433.

The court did not err in overruling plaintiff's motion for a directed verdict on the issue of liability.

The plaintiff contends that instruction No. 10 dealing with the issue of plaintiff's contributory negligence was erroneous and prejudicial. A portion of the instruction dealing with reasonable care directed the jury to consider plaintiff's "age, intelligence, capacity, training and experience as shown by the evidence, the nature of and appearance of the projectile, his familiarity, if any, with objects with explosive possibilities, the possible danger of tampering with an unfamiliar object, any statements which you find were made to him by Mrs. Rhoden, and any other circumstances shown by the evidence." The plaintiff objects to the use of the word "tampering" and the words "explosive possibilities" with reference to the projectile. The inference is that the instruction was slanted unfavorably. We do not · believe the instructions were slanted in the defendants' favor nor that the use of these words in context was prejudicial to the plaintiff.

"The true meaning of a set of instructions will be determined from a consideration of all that is said in them and not from picking out and emphasizing one errant word." Lang v. Kerr, 180 Neb. 106, 141 N. W. 2d 759.

The plaintiff also contends that instruction No. 12 was erroneous and prejudicial. The instruction dealt with

proximate cause. It was quite long, which is understandable in the context of the involved and complicated factual situation. Paragraph 6 was: "If the conduct of two or more persons operates together at the same time to produce a result, the conduct of each is a concurrent cause."

Plaintiff asserts that this requires concurrence of conduct in space and time, and is misleading. We think the language does not mean that the conduct must concur in space and time, but only that the effects of the conduct are operating at the same time to produce a result.

The plaintiff also contends that paragraph 7 of instruction No. 12 defined proximate cause as the cause most closely and directly connected in time or space to the result, and was, therefore, erroneous and misleading. The full paragraph was: "Proximate cause is the cause most closely and directly connected in time or space to the result; when later causes are reactions to or consequences of an earlier cause, such earlier cause is the proximate cause. A cause is remote when it does not concur with, but precedes a proximate cause in time or space. Several causes acting concurrently may amount to a proximate cause."

The interpretation of an instruction on proximate cause is difficult enough for lawyers and even more so for laymen. The meaning of an instruction, not the phraseology, is the important consideration, and a claim of prejudice will not be sustained when the meaning of the instruction is reasonably clear. Myers v. Willmeroth, 151 Neb. 712, 39 N. W. 2d 423.

Where the meaning of an instruction is clear and a correct statement of the law, error cannot be predicated on the selection of words. Hiner v. Nelson, 174 Neb. 725, 119 N. W. 2d 288.

Instructions to a jury should be considered as a whole and if they fairly submit the case that is all the law requires. Hiner v. Nelson, *supra*.

In deciding whether or not there is error in a sen-

tence or phrase of an instruction it will be considered with the instruction of which it is a part and the remainder of the charge to the jury and the meaning thereof will be determined not from the sentence or phrase alone but by consideration of all that is said upon the subject. Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579.

We believe the instructions here fairly submitted the case to the jury. For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.