STATE OF NEBRASKA, APPELLEE, v. DALE D. JURGENS,
APPELLANT.
203 N. W. 2d 787

Filed January 26, 1973. No. 38514.

Dale D. Jurgens, pro se.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant entered a plea of nolo contendere to a charge of motor vehicle homicide. The first appeal herein was before this court in 187 Neb. 557, 192 N. W. 2d 741. At that time, we vacated the sentence and remanded the cause for resentencing. The previous judge having retired, his successor took judicial notice of the previous presentence hearing and held one of his own. He then imposed exactly the same sentence and fine as previously imposed, with the exception that he eliminated the released time periods for which the previous sentence was vacated. We affirm.

In the previous case we held the suspension of sentence and the granting of probation is discretionary with the trial court and in the absence of an abuse of discretion the trial court's determination will not be disturbed, and a sentence within the limits prescribed by the statute will not be disturbed in the absence of an abuse of discretion.

Two judges after presentence hearings have denied appellant probation. Appellant's appeal is premised on the excessiveness of the sentence and the denial of probation. Both judges imposed a sentence of 50 days in jail and a fine of $500. As we said in the first case: "It would appear to us that the court could in this case either grant probation or impose a sentence such as here imposed and, * * * neither course would be an abuse of discretion." We have, therefore, already determined the issues presented by this appeal adversely to the appellant. A holding of this court on a first appeal becomes the law of the case on a retrial of the same issues unless on a second trial the facts are materially and substantially different. Landmesser v. Ahlberg, 184 Neb. 182, 166 N. W. 2d 124.

The judgment is affirmed.

AFFIRMED.