NORA MATTINGLY BURNHAM ET AL., APPELLEES, V. LENNET-TIE E. BENNISON, EXECUTRIX, ET AL., APPELLANTS: ELIAS MATTINGLY, INTERVENER, APPELLEE.

FILED MARCH 6, 1936.   No. 29697.

*Peterson & Devoe* and *Coufal & Shaw,* for appellants.

*James E. Brittain, Deutsch & Young, A. V. Thomas, Perry, Van Pelt & Marti* and *L. B. Fuller, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

CHASE, District Judge.

This is an appeal from the order of the trial court overruling appellants' application to file a supplemental answer. The facts involved in this appeal are by no means new, as this is the third time some phase of the case has been before this court for review. It was first disposed of on a question of pleading, and reversed and remanded on May 29, 1931. *Burnham v. Bennison,* 121 Neb. 291, 236 N. W. 745. Subsequently a trial upon the merits was had and it was again appealed to this court. On March 2, 1934, the judgment of the trial court was again reversed and the case was remanded, with specific directions to enter judgment in accordance with the opinion therein filed. *Burnham v. Bennison,* 126 Neb. 312, 253 N. W. 88. After the mandate following the second hearing reached the trial court, and before the court entered judgment in accordance with the opinion, these appellants, who are the same parties involved in the former hearing, appeared before the trial court and moved for permission to file a supplemental answer, which motion was overruled. Whereupon, the trial court entered judgment upon the mandate. From the overruling of the motion for permission to file a supplemental answer, the case is again brought here.

The supplemental answer tendered by appellants, if allowed, and a trial had thereon, would have had the effect of relitigating matters that appear to have been settled by the opinion on the former appeal.

But one question is involved in this appeal, and that is: Did the trial court commit error in refusing to allow the filing of the supplemental answer?

The appellants contend that a manifest injustice was committed by this court against them in the opinion by allowing a surcharge of interest on certain legacies, and that by considering the matters set forth in the supplemental answer this court should reconsider its views as set forth in the former opinion.

The appellants allege in the supplemental answer, which is a part of the transcript, that this court denied them a re-

hearing on the former appeal. That being the only refer-
ence to the matter in this record, we are unable to determine
the exact ground upon which the rehearing was sought,
but are perhaps justified in assuming that the same matters
were urged in the motion for rehearing as are now urged
in the supplemental answer. If this court denied rehearing
when matters complained of in the opinion were directly
attacked, and it now should sustain the views of the appel-
lants, this court would be placed in the anomolous situation
of allowing a collateral attack upon its decision, when it had
refused, as it were, a direct attack by denying a rehearing.
It will be further noted that appellants make no complaint
that the trial court did not render its judgment upon the
mandate in accordance with the express opinion rendered
on the former appeal. The trial court is criticized by the
appellants for doing that which this court directed it to do,
and now seek a reversal because it did not ignore the pro-
visions of the mandate.

Appellants argue that, where it appears that a manifest
injustice has been done in a former decision, the court
rendering such decision may review and reverse such for-
mer decision; but such review is not considered a matter of
right but as merely a matter of grace, and will be exercised
only in such cases as show cogent reasons therefor. 4 C.
J. 1099, *et seq.*

The matters involved in this appeal have previously been
before this court on several occasions, but we have been
able to find but one case which we believe is directly in
point. In the early case of *O'Donohue v. Hendrix*, 17 Neb.
287, 22 N. W. 548, this precise question appears to have
been before the court. In that case, like this one, it was a
second appeal. The judgment of the lower court was re-
versed and the case was remanded, with directions to enter
a decree in conformity with the opinion, and when the case
reached the court on the second appeal the court laid down
this rule: "The first and third objections were considered
on the former hearing and decided against the plaintiff.
No motion for a rehearing was filed, nor was any objection

made to the decision of the court. Those questions therefore will not now be again considered," citing *Hiatt v. Brooks*, 17 Neb. 33, 22 N. W. 73, wherein the first paragraph of the syllabus lays down this rule: "A previous ruling by the appellate court, upon a point distinctly made, may be only authority in other cases, to be followed or affirmed, or to be modified or overruled, according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves."

In *Chicago, B. & Q. R. Co. v. Hull*, 24 Neb. 740, 40 N. W. 280, this court held: "This point was distinctly presented in this case when it was first before this court, and distinctly decided. Under the well-known rule of *stare decisis*, that decision remains the law of this case."

Appellants seem to rely upon the case of *City of Hastings v. Foxworthy*, 45 Neb. 676, 63 N. W. 955. This case contains an exhaustive and elaborate discussion of a number of cases in which the rule of *stare decisis* was presented, and in a well-considered opinion it announced the following rule: "An appellate court, on a second appeal of a case, will not ordinarily reexamine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may reexamine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect." It will be noted in the case above mentioned that the rule applied arose in a case where on the first appeal the case was reversed and remanded for new trial. Such is not the fact as presented by the record here. The case was reversed and remanded, not for new trial, but was remanded with specific directions to a trial court to enter judgment in accordance with the opinion.

Appellants also cite *Eccles v. Walker*, 75 Neb. 722, 106 N. W. 977, which merely reaffirms the holding in the case of *City of Hastings v. Foxworthy, supra*.

The record showing that the court on the former appeal denied a rehearing to the appellants, and the judgment complained of being in accordance with the directions of the mandate, we hold that the trial court committed no error in refusing to allow appellants to file a supplemental answer, and the judgment is therefore

AFFIRMED.

GOOD, J., dissents.