MARTIN L. GABLE, APPELLEE, V. THE PATHFINDER IRRIGATION DISTRICT, APPELLANT.

79 N. W. 2d 708

Filed December 14, 1956. No. 33993.

*Herman & Van Steenberg,* for appellant.

*Mothersead, Wright & Simmons* and *Robert M. Harris,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Martin L. Gable, plaintiff and appellee, against The Pathfinder Irrigation District, defendant and appellant. The action was tried to a jury at the conclusion of which a verdict was returned in favor of the plaintiff for $4,053.79. A motion for judgment notwithstanding the verdict or in the alternative for a new trial was filed which was overruled and judgment was rendered on the verdict. From the judgment and the order overruling the alternative motion for judgment notwithstanding the verdict or for a new trial the defendant has appealed.

This is the second appearance of this case in this court. It previously appeared as Gable v. Pathfinder Irr. Dist., 159 Neb. 778, 68 N. W. 2d 500. In that appearance as in this one Martin L. Gable was plaintiff and appellee and The Pathfinder Irrigation District was defendant and appellant. The issues which were presented to the district court from the determination of which the former appeal was taken were the same as those presented on the trial from which this appeal has

been taken. As a result of the former appeal the judgment of the district court was reversed and the cause remanded for a new trial.

The pertinent parts of the pleadings as they came to this court were summarized in the former opinion, and in view of the fact that there has been no substantial or material change it is not deemed necessary to repeat that summary. It will accordingly be adopted herein by reference.

In the case on the former appeal the assignments of error in substance were the following: (1) The court erred in assuming by instructions that the defendant owed a duty to keep the run-off surface water off of plaintiff's land; (2) the court erred in refusing to sustain defendant's motion for a directed verdict; (3) the verdict is not sustained by the evidence and is contrary to law; (4) the court erred in giving the instructions relative to the measure of damages; (5) the court erred in not requiring plaintiff to segregate or allocate the damages sustained by reason of the negligence of the defendant and those sustained by reason of water flowing across the land from other causes; (6) the court erred in giving instructions relative to the defense of act of God; (7) the court erred in allowing the plaintiff to amend the prayer of his petition by increasing the acreage to which he contended that damage to crops extended; and (8) the court erred in the admission of rebuttal evidence.

In the former opinion the adjudication upon all of the assignments except the third was adverse to the contentions of the defendant.

The adjudication contained in the former opinion upon the material facts which were in issue to which the seven assignments of error in the former appeal referred is conclusive and is res judicata on this appeal unless the facts on the second trial have been shown to be materially and substantially different from those on the former trial. Also the burden of showing that

the facts were materially different on the second trial rested upon the defendant.

In Callahan v. Prewitt, on rehearing, 143 Neb. 793, 13 N. W. 2d 660, it was said: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions became res judicata and may not again be litigated in a subsequent action."

In the same case it was said: "The rule that the findings of this court on a first appeal become the law of the case on a retrial of the same issues is not available where on a second trial the facts are materially and substantially different."

Again in the same case it was said: "Where on appeal findings of fact are made which become the law of the case and there is a remand for a new trial, on such retrial, such findings are binding on the parties, the trial court and this court, unless on the retrial the facts relating to the issues upon which the findings were made are materially and substantially different from those adduced on the former trial, and the burden of showing a difference shall rest upon the party making the claim." The conclusions reached in that case have been reiterated in Benedict v. Eppley Hotel Co., 161 Neb. 280, 73 N. W. 2d 228.

The defendant contends here that the evidence on the retrial upon the issues presented by the pleadings was, as to the questions presented by seven assignments of error assigned on the former appeal, materially different from that adduced on the former trial.

Whether or not this is true may not become known from an appropriate consideration of the record which has been presented for review. As has been pointed out, the burden of showing the difference is upon the party claiming it. As to how it may be shown this court said in Callahan v. Prewitt, *supra:* "In order to avoid con-

fusion in the future we deem it advisable to say here that the burden is evidentiary and is for determination by the court and not the jury. As to methods, of course, the introduction of the bill of exceptions of the first trial or pertinent parts thereof would be the most satisfactory but there should be no such limit on method. The right to present this question should not be denied if for some reason the bill of exceptions is not available." See, also, Benedict v. Eppley Hotel Co., *supra.*

In this case the defendant wholly failed by any method suggested in the foregoing or by any other method to bring proof to this court that there was a change.

It is true that defendant did offer the former bill of exceptions for the purpose of showing a difference. The plaintiff however objected to the offer. The objection was as follows: "Objected to as incompetent, irrelevant and immaterial; it necessarily encumbers the record. I see no reason for it at all." The ruling by the court was as follows: "The objection will be sustained."

The defendant has not either directly or by implication assigned this ruling as error. Under no theory and for no purpose therefore is the former bill of exceptions before this court for consideration.

It must be said therefore that, unless there are assignments of error on the second trial relating to matters which were not presented by the assignments of error on the first appeal, there is nothing for this court to do at this time but to adhere to the decision on the former appeal.

The assignments of error on this appeal are in substance as follows: (1) The court erred in holding that "the law of the case" rule was applicable in the instance here; (2) the court erred in holding that the defendant was under a duty or obligation to protect the plaintiff from injury; (3) the verdict is not sustained by sufficient evidence; (4) the court erred in not requiring the plaintiff to allocate the damages for which the defendant was liable from those sustained by water for which

the defendant was not liable; (5) the court erred in not instructing the jury upon defendant's theory as to allocation of damages; (6) the court erred in excluding material competent evidence relative to the intensity of the storm of June 14, 1953; (7) the court erred in giving instruction No. 8; and (8) the verdict is contrary to the evidence.

It is observable by comparison of the assignments that nothing was presented by any of these assignments except Nos. 1, 3, 6, 7, and 8, which was not presented by the assignments of error on the former appeal. A comparison of instructions on the two appeals discloses also that No. 7 was also disposed of since instruction No. 8 is identical with instruction No. 8 given on the former trial.

It follows then from what has been said that under the stated rules as to the law of the case these four assignments can avail the defendant nothing on this appeal.

Likewise the first and sixth assignments of error can avail the defendant nothing. The effectual holding that "the law of the case" rule is applicable disposes of these assignments of error adversely to the defendant.

This leaves for consideration the third and eighth assignments of error. These two are in essentials the same and they will be regarded for the purposes of this opinion as one.

In order that the verdict may be sustained as against the attack made by these two assignments of error evidence must be found from which it may be said that plaintiff was damaged and the amount thereof agreeable to the rule laid down in the former case.

In that case the following rule was declared: "The measure of damages where a crop is injured but not rendered entirely worthless as a result of acts or omissions of another is the difference between the value at maturity of the probable crop if there had been no injury and the value of the actual crop at the time injured less

the expense of fitting for market that portion of the probable crop which was prevented from maturing."

As to the manner of applying the rule in that case it was said: "In determining the damage to farm products consideration should be given to the circumstances which conditioned the probability or improbability of the maturing of the crops in the absence of injury, and all other facts and circumstances tending to establish such value, which would properly include those arising before, at the time of, and after injury."

Examination discloses that the proof of plaintiff as to damage and the amount thereof conformed to this rule and the declared proper application of it. There was without question proof of damage.

The fixing of the amount of the damage was a function of the jury and unless it has been shown that the amount fixed is so exorbitant as to indicate passion, prejudice, mistake, or a complete disregard of the law and the evidence its verdict will be sustained. Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701; Benedict v. Eppley Hotel Co., *supra;* Fridley v. Brush, 161 Neb. 318, 73 N. W. 2d 376. We are unable to say that under this rule the verdict of the jury was not sustained by sufficient evidence or that it was contrary to the evidence or to law.

The determination upon all of the assignments of error is adverse to the defendant and accordingly the judgment of the district court is affirmed.

AFFIRMED.