MAURICE BERG ET AL., APPELLEES, V. MIDWEST LAUNDRY
EQUIPMENT CORP., A CORPORATION, APPELLANT, IMPLEADED
WITH INDUSTRIAL CREDIT COMPANY, A CORPORATION,
APPELLEE.

135 N. W. 2d 457

Filed May 28, 1965.   No. 35888.

Young, Denenberg & Mullery, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellees Berg.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

Plaintiffs Maurice Berg and June Berg, husband and wife, hereinafter referred to as the plaintiffs, brought this action in the district court for Lancaster County against the defendants Midwest Laundry Equipment Corp. and Industrial Credit Company to declare a retail installment contract void as usurious and recover payments made by them thereon.

This is the second appearance of this case in this court. The previous opinion appears in Berg v. Midwest Laundry Equipment Corp., 175 Neb. 423, 122 N. W. 2d 250, where the facts involved are set forth. A supplemental opinion entered after a motion for a rehearing appears in 175 Neb. 874, 124 N. W. 2d 699.

At the first trial in the district court, the trial court overruled a special appearance of the defendant Industrial Credit Company objecting to jurisdiction over its person. That court held the installment sales contract in question valid but that the Industrial Credit Company had made certain charges in violation of the Installment Sales Act and assessed a penalty to be deducted from the balance due upon the contract. It adjudged that the plaintiffs pay the installments which remained thereon to Industrial Credit Company.

Our opinion in Berg v. Midwest Laundry Equipment Corp., 175 Neb. 423, 122 N. W. 2d 250, filed herein June 14, 1963, held the special appearance of Industrial Credit Company should have been sustained, that the retail installment contract actually evidenced a loan for the balance of the purchase price, and being usurious was void under section 45-138, R. R. S. 1943. It further held

that the evidence showed the defendant Midwest Laundry Equipment Corp., hereafter at times referred to as Midwest, did not intend to make a sale except a cash sale and that plaintiffs were entitled to judgment against it for two payments made, less a credit of $725 which was admitted to have been received by plaintiffs from Midwest. The amount of one of the two payments made not being disclosed by the record, the district court was authorized to receive further evidence to determine the amount thereof. The judgment of the trial court was reversed and the cause remanded with directions to enter judgment in conformity with the opinion.

The defendant Midwest timely filed a motion for rehearing in this court objecting to the opinion of the court, among other things contending that the downpayment to the retail seller Midwest was no part of the installment loan contract. It contended this court erred in ordering this downpayment refunded. The supplemental opinion of this court filed November 22, 1963, Berg v. Midwest Laundry Equipment Corp., 175 Neb. 874, 124 N. W. 2d 699, directed the trial court to determine both the amount of the payments to Midwest and whether it should recover their amount on the determination.

Meantime on November 21, 1963, Midwest filed a motion calling attention to the enactment of statutes at the extraordinary session of the Legislature bearing on the issues involved in the litigation and asking leave to brief the same. The motion was denied by this court on December 10, 1963.

The mandate of this court was issued December 13, 1963, with our opinion and supplemental opinion attached. Both parties moving for judgment on the mandate, hearings were held and thereafter the trial court sustained the special appearance of Industrial Credit Company. It further held that the retail installment contract between the parties was void and uncollectible, and enjoined Midwest and its successors from collecting

the same. Midwest was ordered to return two down-payments made to it in the total amount of $2,243.45 with interest from the respective dates of payment. It found that by stipulation of the parties, the $725 payment referred to in the opinion of this court had been disposed of by agreement between the parties and need not be further considered. The motion of Midwest to vacate the judgment and for a new trial being overruled, it has brought the matter to this court on appeal.

Midwest assigns error to the trial court in finding the installment sales contract void and uncollectible. It contends that under sections 45-137, 45-138, 45-154, and 45-155, R. R. S. 1943, as amended by Laws 1963, Special Session, chapter 9, page 103 (L. B. 17), a loan made in violation of the Installment Loan Act as it existed prior to the amendment of these sections is no longer void although any interest or charges collected should be forfeited and refunded to the borrower. In this respect it cites Davis v. General Motors Acceptance Corp., 176 Neb. 865, 127 N. W. 2d 907, where this court held this statute to be valid and constitutional legislation and to effectively repeal the provisions in the original Installment Loan Act which rendered loans made in violation thereof void and uncollectible, and that because of the expressed intention of the Legislature, the repeal was given retroactive effect. In Jurgensen v. Ainscow, 160 Neb. 208, 69 N. W. 2d 856, this court held: "Public interest requires that there shall be an end to litigation, and when a cause has received the consideration of this court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything other than to enter judgment in accordance with such mandate." To the same effect see Regouby v. Dawson County Irr. Co., 128 Neb. 531, 259 N. W. 365. The trial court had no alternative under the mandate but to enter the judgment it did in this respect and committed no error in so doing.

Midwest further assigns error to this court in overruling its motion for a rehearing on its consideration of the previous appeal herein. It points out that the judgment of this court was not final until the disposition of its motion for rehearing. State ex rel. Caldwell v. Lincoln Street Ry. Co., on rehearing, 80 Neb. 352, 118 N. W. 326; Revised Rules of the Supreme Court, Rule No. 22a. It calls attention to its motion addressed to this court seeking permission to file a brief on the applicability of the recent remedial legislation before our decision became final. Further, it asserts this court on the second appeal between the same parties may review and reverse its former decision and has done so in certain instances. It cites City of Hastings v. Foxworthy, 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321, which case was before this court several times. Foxworthy as plaintiff had sued the City of Hastings for injuries incurred in falling on a sidewalk. The City answered that plaintiff had failed to file action within 6 months from the date of the accident as required by the statute. Plaintiff demurred to the answer. The trial court sustained the demurrer. This court on the first appeal held that the section of the statute requiring action to be brought within 6 months was unconstitutional. It reversed the judgment and remanded the cause generally for trial. The statute then under consideration had a further provision requiring filing of a statement with the city clerk showing the date of the injury and certain matters concerning it within 6 months of the injury. Between the time of the reversal on the first appeal and the decision of this court in City of Hastings v. Foxworthy, *supra,* this court had held in other cases that such a provision was valid, that the giving of the statement was a condition precedent to maintaining the action, and was required to be alleged and proved. In the cited case the court held the demurrer to the answer should have searched the record and disclosed the failure of the petition to state a cause of action. The judg-

ment was thereupon reversed and the petition dismissed, the rule of law set out stating: "An appellate court, on a second appeal of a case, will not ordinarily re-examine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may re-examine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect."

Midwest seizes on certain statements in the long opinion in the Foxworthy case discussing many cases and aspects of the law applicable from which it contends this court should review all questions coming before it on a subsequent appeal that by reason of a change in the law might be decided anew. In the Foxworthy case, however, there had been a general remand for a new trial. The previous ruling had sustained a demurrer to the answer and it was only by the application of the rather technical legal rule that a demurrer searches the record that it could even be inferred that the previous opinion of the court had determined that the original petition had stated a cause of action. A careful reading of the Foxworthy case clearly shows no intent to go beyond the rule stated.

Midwest cites also the case of Eccles v. Walker, 75 Neb. 722, 106 N. W. 977. There the Supreme Court had previously reversed the judgment of the trial court which had dismissed the action. The court called attention to the fact that it had previously remanded the cause for trial generally and applied the rule in the Foxworthy case permitting it to arrive at a new and different decision. It did not enlarge upon that rule.

Midwest also calls attention particularly to Stratton v. Bankers Life Co., 102 Neb. 755, 169 N. W. 722, 1 A. L. R. 1671. It points out this case was decided differently on the second appeal in spite of the directions to enter

a judgment on certain issues at the first hearing of this case in this court. The opinion states that the appellate court will not ordinarily reexamine questions once determined by it but the case comes within the exceptions of City of Hastings v. Foxworthy, *supra*. The first opinion in the Stratton case is apparently not reported and the substance of the pleading is not disclosed. The real basis of the decision seems to be that the former decision was "manifestly outside of the pleadings." It has been held by this court in Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843, that: "The judgment of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties and is foreign to the issues submitted for determination, is a nullity." See, also, Petersen v. Dethlefs, 139 Neb. 572, 298 N. W. 155, where this court held: "A finding or other part of a judgment foreign to any pleading and not necessary to the relief grantable to any litigant in a case is contrary to the course of the law and the practice of the courts, is void and should be stricken from the record on motion." If the first decision was outside the pleading as stated, the ground of the second ruling is apparent. We do not think this case should be the basis of extending the rule in City of Hastings v. Foxworthy, *supra*, and applying it to the case before us.

In the case of Burnham v. Bennison, 130 Neb. 558, 265 N. W. 531, this court held: "The appellate court may, on the second appeal between the same parties, if justice requires, review and reverse its former decision; but the parties are not entitled to such review as a matter of right; such practice will be resorted to sparingly, and only in cases where cogent reasons exist therefor.

"The appellate court, on a second appeal between the same parties, will not ordinarily reexamine questions of law presented in the first appeal, as the matters decided

therein come within the rule of stare decisis, and become the law of the case.

"On a second appeal between the same parties in the same cause, where the second appeal merely seeks to relitigate questions settled by the opinion in the former appeal, this court will not inquire into the merits of its former opinion, where it appears that the second appellants sought a rehearing in the former appeal, which was denied, and the cause reversed and remanded, with directions to the lower court to render judgment in accordance with the opinion." In the opinion it is stated: "Appellants seem to rely upon the case of City of Hastings v. Foxworthy, 45 Neb. 676, 63 N. W. 955. This case contains an exhaustive and elaborate discussion of a number of cases in which the rule of stare decisis was presented, and in a well-considered opinion it announced the following rule: * * *. (Setting forth the rule quoted in Foxworthy.) It will be noted in the case above mentioned that the rule applied arose in a case where on the first appeal the case was reversed and remanded for new trial. Such is not the fact as presented by the record here. The case was reversed and remanded, not for new trial, but was remanded with specific directions to a trial court to enter judgment in accordance with the opinion." See, also, Gund v. Ballard, 80 Neb. 385, 114 N. W. 420; Jurgensen v. Ainscow, *supra.*

In the case before us our opinion of June 14, 1963, held the installment sales contract was void and reversed the judgment in that respect. It remanded the cause permitting the trial court to determine only the amount of the downpayment for the purpose of entering judgment for the plaintiff for that also. The supplemental opinion of November 22, 1963, modified the original opinion only to the extent of directing the trial court to determine whether the downpayment after it was determined should be recovered by plaintiffs. In Kometscher v. Wade, 177 Neb. 299, 128 N. W. 2d 781, this court de-

termined it would not reverse a judgment of the trial court entered previously to the enactment of Laws 1963, Special Session, chapter 9, page 103 (L. B. 17), because of the changes made in that law. We think the rule in City of Hastings v. Foxworthy, *supra*, should be adhered to and not extended. After the determination of the present case in this court, the issuance of a mandate thereon, and a judgment in the trial court pursuant to its command, we will not thereafter review the questions determined by our previous decision.

Midwest further assigns error to the trial court in ordering it to refund the downpayments of $2,243.45 and interest to the plaintiffs. This aspect of the case was left for the determination by the trial court in our supplemental opinion. The statute determinative of this matter as it existed prior to its amendment by Laws 1963, Special Session, chapter 9, section 2, page 108 (L. B. 17), was section 45-138, R. R. S. 1943. The portion setting forth the effect of a violation of the provisions thereof reads as follows: "Any contract of loan made in violation of this section, either knowingly or without the exercise of due care to prevent the same, shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges on such loan." It refers to the *"loan"* and provides that the loan shall be void and that the licensee shall have no right to collect or receive any principal, interest, or charges *"on such loan."* Plaintiffs contend the word "charges" included in this phrase means any payment exacted or received by the seller and includes the downpayment. We believe, however, it refers to charges as used in section 45-139, R. R. S. 1943, which are permitted to be included in an installment loan. It does not mention the downpayment made on the purchase. The downpayments in this instance were made in November 1959 and January 1960. The installment sales contract was not signed until February 19, 1960. In Misle v. Miller, 176 Neb. 113, 125 N. W. 2d 512, this court said: "A penalty

statute must be strictly construed. It will not be applied to situations or parties not fairly or clearly within its provisions." We are referred to many cases where certain statements in the opinions are urged by the respective parties herein as indicative of their desired interpretation of the section. They appear to be obiter dicta. We are referred to no case where the downpayment was adjudged to be invalid. Neither have we found such a case. The reports are, however, replete with cases where the principal, interest, and charges on the loan itself were recovered and the downpayment was not mentioned. We conclude the plain wording of section 45-138, R. R. S. 1943, before its amendment by Laws 1963, Special Session, chapter 9, section 2, page 108 (L. B. 17), rendered void only the payments of principal, interest, and charges included in the loan and did not affect a downpayment which was no part thereof. We conclude the trial court erred in ordering it returned to the plaintiffs in its judgment.

It follows that the judgment of the trial court should be reversed and the cause remanded insofar as it provides for the payment to the plaintiffs of the $2,243.45 and interest, and should be and is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.