FLORENCE D. DRAHOTA, EXECUTRIX OF THE ESTATE OF JAMES J. DRAHOTA, DECEASED, APPELLANT, v. VIOLA C. WIESER ET AL., APPELLEES.

157 N. W. 2d 857

Filed April 12, 1968. No. 36766.

James F. Brogan, for appellant.

Deutsch & Hagen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to recover damages for the wrongful death of James J. Drahota brought by the executrix of his estate against Viola C. Wieser, Harold Wieser, and Burt Ray, Jr. The action was dismissed as to Burt Ray, Jr., before trial. The jury returned a verdict in favor of the defendants Wieser. The plaintiff's motion for new trial was overruled and she has appealed.

The plaintiff challenges the sufficiency of the evidence to sustain the verdict. In determining this question the evidence must be considered in the light most favorable to the defendants, every controverted fact must be resolved in their favor, and they are entitled to the benefit of every inference that can reasonably be deduced from the evidence. Thompsen v. Miller, 177 Neb. 530, 129 N. W. 2d 498.

The accident in which the plaintiff's decedent was injured occurred at about 1 p. m. on October 13, 1962, on U. S. Highway No. 81, approximately 9 miles south of Norfolk, Nebraska. The highway at this point is surfaced with black-top approximately 24 feet wide. The

highway is straight but slopes down gradually to the north from a point more than one-half mile south of where the accident occurred. The weather was clear and the road was dry.

The deceased was the deputy sheriff of Madison County, Nebraska, and was riding as a passenger in his 1962 Ford automobile which was being operated by the sheriff, Burt Ray, Jr. The sheriff and the deceased were returning to Madison from Norfolk and had passed a vehicle which had turned into an orchard located west of the highway. The sheriff decided to question the driver of this vehicle and was in the process of making a "U" turn when the accident occurred.

The sheriff testified that in making the "U" turn he drove off the black-top to a point near the west fence line, then turned to the left, and stopped headed east about 5 or 6 feet west of the black-top. He looked to the north and the south, saw no vehicle approaching, and then started to cross the road. The deceased shouted, " 'Stop' " or " 'Hold it.' " The sheriff stopped the automobile, which was then on the black-top headed slightly northeast. He looked to the north, then looked to the south where all he could see was a shadow, and the impact occurred.

The defendant Viola Wieser testified that she was driving their 1962 Ford automobile north on U. S. Highway No. 81 at around 50 to 55 miles per hour; that she saw the Drahota automobile off to the west; that it came "out of the ditch and turned right in front" of her; that it did not stop at the west edge of the highway before entering the highway; that it occupied the entire northbound lane; and that she applied her brakes and attempted to stop.

The front of the Wieser automobile collided with the right side of the Drahota automobile near the center of the northbound lane. The Drahota automobile traveled to the northeast and collided with a power pole approximately 69 feet from the point of impact. The Wieser

automobile stopped on the edge of the highway, facing northeast, approximately 17 feet north of the point of impact. The Wieser automobile left 65 feet of skid marks leading up to the point of impact.

The jury could find from this evidence that the accident was caused by the negligence of the sheriff in driving the Drahota automobile onto the black-top in front of Mrs. Wieser without any warning, and that she was not negligent in failing to stop or turn aside in time to avoid the accident.

The plaintiff complains that the jury disregarded a statement made by Mrs. Wieser while in the hospital to the effect that when she first saw the Drahota vehicle it was stopped in the road in front of her. The statement, at best, only presented a question for the jury. Whether Mrs. Wieser had ample time in which to slow down or stop was a question of fact to be resolved by the jury. The evidence, when considered in the light most favorable to the defendants, is sufficient to sustain the verdict.

The defendants produced an expert witness, Professor David I. Cook, a graduate in mechanical engineering, who testified, over objection, that in his opinion the Drahota vehicle was moving at the time of the impact. The plaintiff argues that this was error because the witness was allowed to express an opinion concerning the ultimate fact at issue.

The general rule is that opinion evidence is admissible where it is necessary and advisable as an aid to the jury. McNaught v. New York Life Ins. Co., on rehearing, 143 Neb. 220, 12 N. W. 2d 108. Opinion evidence which may be of aid to the jury may be admitted even though it bears directly on the main issue. Such evidence should be excluded whenever the point is reached at which the trier of fact is being told that which it is itself entirely equipped to determine. Sears v. Mid-City Motors, Inc., on rehearing, 179 Neb. 100, 136 N. W. 2d 428.

The expert testimony related to what effect forward movement, or lack of forward movement, of the Drahota

automobile at the time of impact would have upon the direction taken by the vehicles following the impact, the damage they would sustain, and the skid marks they would make upon the highway. These were matters relating to motor vehicle dynamics which were within the competency of the witness and not matters presumed to be within the knowledge of the average juror. We have previously held that opinion evidence as to the character of contact of vehicles and results following the contact is admissible. Caves v. Barnes, 178 Neb. 103, 132 N. W. 2d 310. It was within the discretion of the trial court to receive the testimony of Professor Cook in this case.

The plaintiff requested an instruction concerning reasonable lookout which was refused. An instruction given by the trial court on its own motion stated the rule correctly but in slightly different language. This was permissible since the trial court is not required to give an instruction in the precise language requested. Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74.

The trial court also instructed on the sudden emergency doctrine and reckless driving. The sudden emergency doctrine was applicable if the jury believed the testimony of Mrs. Wieser. The instruction concerning reckless driving was properly limited to the defendant Ray because there were no allegations or proof that Mrs. Wieser, drove in such a manner as to indicate an indifferent or wanton disregard for the safety of others.

The last assignment of error concerns an admonition by the trial court to the sheriff during the cross-examination of Professor Cook. The trial court, on its own motion, directed the sheriff to cease any expression of approval or disapproval of the testimony being given. The plaintiff argues that the effect of the admonition was to lessen the credibility and effectiveness of the testimony of the sheriff.

The plaintiff did not move for a mistrial and made no other objection to the action of the court until the mo-

tion for new trial. This precludes consideration of the assignment at this time. Chicago Lumber Co. v. Gibson, 179 Neb. 461, 138 N. W. 2d 832.

The judgment of the district court is affirmed.

AFFIRMED.