LAWRENCE F. WEBER, ADMINISTRATOR OF THE ESTATE OF MARIE E. HICKMAN, DECEASED, APPELLANT, V. SOUTHWEST NEBRASKA DAIRY SUPPLIERS, INC., A CORPORATION, ET AL., APPELLEES.

208 N. W. 2d 667

Filed June 22, 1973. No. 38873.

Mitchell & Beatty and Larry R. Demerath, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr and Kenneth C. Fritzler, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

In a wrongful death action a jury returned a verdict for defendants. Plaintiff appeals. He contends that (1) the court gave erroneous instructions to the jury and failed to give them certain peremptory instructions, and (2) conduct of the trial judge in the presence of the jury constituted reversible error.

The deceased, Marie Hickman, and her husband, Robert Hickman, were passengers in a pickup owned by them, but operated by a friend, Audrey Grassmeyer. Their truck collided at a county intersection with a vehicle owned by the defendant Southwest Nebraska Dairy Suppliers Inc., and operated by its employee, defendant Johnson. This action was tried twice. In the first trial, at the conclusion of plaintiff's case-in-chief, the District Court dismissed the action. On appeal we reversed the judgment and remanded the cause for a new trial. Our decision on that first appeal was as follows. The exclusive beneficiary of any recovery by plaintiff would be Robert N. Hickman. The operator of the motor vehicle, Audrey, was as a matter of law guilty of causal negligence more than slight. Her negligence was present without consideration of defendants' possible negligence. Should the trier of fact find that the negligence of Audrey was imputable to Robert, plaintiff would possess no right of recovery. Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274 (1971).

Plaintiff's contentions respecting the giving and refusal of jury instructions are that the court erroneously (1) instructed that Audrey in the operation of the Hickman truck had been negligent as a matter of law; (2) failed to give a peremptory instruction for plaintiff

on liability; (3) instructed that the negligence of a motor vehicle operator may be imputed to the owner of the vehicle; and (4) instructed that because of imputation of negligence Robert as sole heir could not recover if there was a finding of negligence on the part of Audrey.

The foregoing contentions are governed by rules pertaining to law of the case. A holding of this court on a first appeal becomes the law of the case on a retrial of the same issues unless on a second trial the facts are materially and substantially different. Landmesser v. Ahlberg, 184 Neb. 182, 166 N. W. 2d 124 (1969). The burden of showing the material and substantial difference in the facts is upon the party who asserts the difference. Gable v. Pathfinder Irr. Dist., 163 Neb. 349, 79 N. W. 2d 708 (1956). Plaintiff has failed to carry his burden of showing a material and substantial difference of facts to substantiate the above contentions.

The plaintiff has also requested us to reexamine the law issues respecting imputation of negligence and to depart from our first opinion. We decline. See Berg v. Midwest Laundry Equipment Corp., 178 Neb. 770, 135 N. W. 2d 457 (1965).

The first assertion of improper conduct by the trial judge in the presence of the jury was made by plaintiff in his motion for a new trial. It was not well taken. Alleged improper conduct of the trial judge in the presence of the jury will not be reviewed on appeal in the absence of a timely objection. Drahota v. Wieser, 183 Neb. 66, 157 N. W. 2d 857 (1968); Chicago Lumber Co. v. Gibson, 179 Neb. 461, 138 N. W. 2d 832 (1965).

Other contentions are determined against plaintiff. The judgment is affirmed.

AFFIRMED.

McCOWN, J., concurring.

I concur in the affirmance here in view of our former opinion in Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274, which is

controlling. I emphatically reaffirm the position set forth in my separate opinion in that case.