WILLARD STEFFEN, DOING BUSINESS AS STEFFEN
ASPHALT PAVING CO., A SOLE PROPRIETORSHIP,
APPELLEE, V. JOHN AINSWORTH ET AL., APPELLANTS.

318 N.W.2d 278

Filed April 16, 1982. No. 43963.

Howard L. Neuhaus, for appellants.

Steven M. Watson of Marks, Clare, Hopkins, Rauth & Cuddigan, for appellee.

Heard before BOSLAUGH, MCCOWN, WHITE, and CAPORALE, JJ., and FINN, D.J.

FINN, D.J.

This is an action by the plaintiff for money due under a verbal contract for labor and materials provided in installing an asphalt parking lot upon property owned by the defendants. This case was tried before a jury, and the jury verdict was in favor of the plaintiff and against the defendants in the amount of $5,300. Defendants have appealed.

The defendants assign as error that the verdict is contrary to the weight of the evidence, and that there were irregularities in the proceedings at the

trial by opposing counsel and the court which prevented the defendants from having a fair trial.

Plaintiff alleges in his amended petition that he entered into an oral agreement with the defendants on or about October 18, 1979, for the application of an asphalt parking lot on defendants' property; that the agreed price and the reasonable and fair value of the contract amounted to $6,200; and that plaintiff completed the application of the asphalt parking lot and defendants accepted the benefit of the work performed and failed to pay the agreed price therefor. Defendants, in their answer, admitted the contract, but alleged that the plaintiff failed to perform the terms of the contract in a workmanlike and satisfactory manner; that work was required to correct the work improperly performed; and that the cost of such correction would exceed the amount claimed by plaintiff as due and owing. Defendants' cross-petition alleged that the amount agreed upon was $5,536 and not $6,200. Defendants further allege in their cross-petition that plaintiff completed the work, but his performance was in an unworkmanlike and unsatisfactory manner, resulting in the necessity of replacing the asphalt parking lot, and that the cost of removing the existing asphalt parking lot and replacing it would amount to $12,000. Defendants further asserted a claim for damages amounting to the difference between the agreed price and the costs of removal and replacement. Plaintiff answered the cross-petition of defendants by general denial.

The essential facts elicited from the various witnesses at the time of trial were that the plaintiff entered into an oral contract for the application of an asphalt parking lot. The terms of the contract were $4.50 per square yard according to plaintiff's testimony, and $4 per square yard according to the defendant John Ainsworth's testimony.

The plaintiff commenced performance on October

18, 1979, and concluded performance on October 26, 1979. The plaintiff sent the defendants a statement dated November 30, 1979, for $7,600, but subsequently met with defendants and reduced the bill to the original agreement of $4.50 per square yard to a total of $6,228, which was rounded off to $6,200. The defendants alleged that in late spring of 1980 the parking lot was showing signs of failure. Defendants' expert witness testified that the repair of the asphalt lot would cost $12,000. The plaintiff's expert witness testified that the parking lot need not be replaced and that only one small area needed repair. The plaintiff testified that the small area could be replaced for $53.

On this conflicting evidence the jury brought in a verdict for the plaintiff in the sum of $5,300. In a law action it is not within the province of the Supreme Court to weigh or resolve conflicts in the evidence. The credibility of witnesses and the weight to be given their testimony are for the trier of fact. A verdict by a jury based upon conflicting evidence will not be set aside on appeal unless it is clearly wrong. *Trout v. Olson Bros. Mfg. Co.,* 209 Neb. 477, 308 N.W.2d 522 (1981).

In testing the sufficiency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party and every controverted fact must be resolved in his favor and he should have the benefit of every inference that can be reasonably drawn therefrom. *C I T Financial Services of Kansas v. Egging Co.,* 198 Neb. 514, 253 N.W.2d 840 (1977).

The defendants also assign as error that there were irregularities in the proceedings at the trial by opposing counsel and the court which prevented the defendants from having a fair trial. Alleged improper conduct of the trial judge in the presence of the jury will not be reviewed on appeal in the absence of a timely objection. *Weber v. Southwest*

*Nebraska Dairy Suppliers, Inc.,* 190 Neb. 389, 208 N.W.2d 667 (1973).
The judgment is affirmed.

AFFIRMED.