SYSTEM MEAT COMPANY, A WYOMING CORPORATION, APPELLEE, V. B. M. STEWART ET AL., APPELLEES, RICHARD KEKEISEN ET AL., INTERVENERS-APPELLANTS.

211 N. W. 2d 902

Filed November 9, 1973. No. 38924.

Malcolm D. Young, for interveners-appellants.

Wright & Simmons, John F. Wright and John F. Simmons, for appellee System Meat Co.

Young, Kuhn, Person & Liakos, for appellees Stewart et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is the third appearance of this case in this court. The District Court sustained a motion to dismiss the petitions of the plaintiff and of the interveners and dismissed the action for want of evidence. The interveners have appealed. We affirm the action of the District Court.

This action originally commenced in February 1961. The plaintiff, System Meat Company, a Wyoming corporation, filed its petition against the defendants praying for equitable relief. Plaintiff sought to recover $103,144.31 for cattle purchased by the president of the plaintiff with funds of the plaintiff and transferred by bill of sale to the defendants, allegedly without consideration. The interveners, appellants here, as stockholders of the plaintiff corporation, filed a petition of intervention in May 1961, alleging fraud based on allegations that a new board of directors and officers of the plaintiff corporation under the dominion of the defendant, B. M. Stewart, had directed dismissal of the case.

On October 16, 1961, the plaintiff corporation and the

defendants entered into a stipulation to settle their controversy, subject to approval of the court. The settlement agreement provided that the claim of plaintiff for $103,144.31 was to be allowed in full and that items of setoff of the defendants in the amount of $47,308.57 were likewise to be allowed in full with plaintiff to take judgment for $55,835.74, plus $3,948 interest. Upon 24 hours notice to the interveners, the District Court approved the settlement, refused to grant interveners a continuance, and dismissed their petition in intervention.

The interveners appealed without superseding the judgment. The settlement meanwhile was fully consummated and paid. On appeal, this court held that the interveners should have been given an opportunity to be heard, and that there was an abuse of discretion in refusing a continuance to permit interveners "to satisfy themselves as to the fairness of the proposed settlement or to obtain the evidence to indicate otherwise." The judgment of the District Court was reversed and the cause was remanded for further proceedings. System Meat Co. v. Stewart, 175 Neb. 387, 122 N. W. 2d 1.

Upon remand to the District Court, it was agreed by counsel on pretrial conference, and entered on the journal record, that the only issue involved would be the matter of whether or not the proposed settlement between plaintiff and defendants was fair. The plaintiff corporation apparently did not participate in the proceedings on remand. The court placed the burden on the interveners to show fraud or unfairness. After trial, the District Court found that the interveners had failed to prove that the proposed settlement was fraudulent or unfair, and the court found that the proposed settlement was fair and entered into between the parties in good faith. The District Court again approved the settlement between plaintiff and defendants and dismissed the petition of the interveners.

Again the interveners appealed. This court held that

the general standard relating to court approval of a proposed settlement by a corporation was fairness in the best interests of the corporation, and set out the elements to be considered in determining that issue. This court held that the settlement agreement was unfair. We stated: "No room existed for controversy over fairness of the amount claimed by plaintiff." We also found difficulties with many items among the set-off claims which were allowed to the defendants by the settlement agreement. The dispositive portion of our opinion stated: "The judgment is reversed and the cause remanded with directions to dismiss the application for approval of the settlement agreement." System Meat Co. v. Stewart, 183 Neb. 698, 163 N. W. 2d 789.

Upon the second remand, the opinion and mandate of this court were spread on the journal of the trial court. The interveners' motion for summary judgment was overruled. Thereafter, the defendants filed their answers to the original petition of the plaintiff and to the petition in intervention of the interveners, both of which had been filed in 1961. Interveners thereafter replied to defendants' answer and denied the allegations of defendants' counterclaims. A pretrial conference was held on the issues raised by the pleadings and a pretrial order was entered by the District Court on September 10, 1971. The pretrial order, among other things, stated: "The following issues appear to be presented by the pleadings:

"1) Whether the transfer to Stewart, of the cattle, was without consideration and without authority.

"2) Whether such transaction was a misuse of the plaintiff's funds, and if so, Stewart's knowledge thereof.

"3) Whether plaintiff had an adequate remedy at law and whether a resort to equity is proper.

"4) Whether an estoppel exists, as pleaded in Paragraphs 5 and 6 of the answer.

"5) Whether the defense of laches is established."

The remaining issues set out dealt with defendants'

counterclaims. The pretrial order also shows that the parties stipulated, among other things, that the bill of sale for the cattle was made as alleged; that the mixing and branding of the cattle as alleged was admitted; and that the amount of $103,144.31 was expended for the purchase of cattle. It was also stipulated and agreed that the parties would supply for examination by the opposite side all intended exhibits at least 20 days prior to date of trial. The pretrial order provided that it should become final unless either party excepted or withdrew from it within 20 days after September 8, 1971.

On September 28, 1972, the court set the case for trial on October 5, 1972. On October 3, 1972, the interveners moved to set aside the pretrial order claiming that they had never received a copy of the order and that issues which by its terms were made final and binding had already been determined by the Supreme Court and constituted the law of the case. On October 5, 1972, the case came on for trial. The motion to set aside the pretrial order was submitted to the court and overruled. The interveners introduced evidence and the testimony of one witness. In general, that evidence established foundational facts and introduced documents and admissions which had been basically stipulated or admitted. The interveners then attempted to offer in evidence the bill of exceptions from the former trial. The defendants objected. The court ascertained that the proposed exhibits had not been supplied for examination in accordance with the pretrial order; stated that the bill of exceptions in the former case related to testimony that was taken before the issues were made up in the current case; and rejected the offered exhibits. The interveners thereupon rested. The defendants moved to dismiss on the ground that the evidence failed to prove the issues in the case. That motion was sustained and the District Court dismissed the action.

The interveners assert that in the prior appeal of their stockholders' derivative petition to set aside the

settlement between plaintiff and defendants, this court determined and established the defendants' liability to the plaintiff corporation in the sum of $103,144.31. They assert that all issues on plaintiff's claims and defendants' liability were adjudicated by this court in that appeal and that our opinion became the law of the case and was a final determination of the amount of defendants' liability to the plaintiff in the underlying litigation.

The defendants assert that the issues in the current trial had not even been formulated at the time of the prior appeal and that the defendants had not even had an answer on file. The only issue adjudicated by this court in the former appeal, the defendants insist, was the fairness of the settlement agreement which this court set aside. The issues in the current case, they contend, were set by the pretrial order and there was a failure of proof.

"The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case and for purpose of litigation settles conclusively the matters adjudicated expressly or by necessary implication." Barker v. The Wardens & Vestrymen of St. Barnabas Church, 176 Neb. 327, 126 N. W. 2d 170.

An analysis of the issues here demonstrates that the defendants' liability to the plaintiff corporation on the basic matters in issue was not presented directly to this court nor decided by necessary implication. The pretrial order in the former appeal specifically provided that the only issue involved would be the matter of whether or not the proposed settlement between the plaintiff and defendants was fair. This court's opinion held only that that settlement agreement was unfair. Defendants' answers in the current case, which allege consideration arising from other transactions, as well as separate and distinct counterclaims, had not even been filed at the time of the former appeal. This court on the second appeal also noted: "The nonparticipation

of plaintiff in proceedings on remand may have affected control." System Meat Co. v. Stewart, 183 Neb. 698, 163 N. W. 2d 789.

The language cited by the interveners as the "law of the case"' rests on factual conclusions. The rule that the trial court, as well as this court, is bound by a legal principle once determined in a case does not apply to decisions rendered on questions of fact. Sufficiency of testimony on a particular feature of the case as disclosed by the record on the former trial is not binding in a subsequent trial where the testimony is or may be presumed to be materially different. In re Estate of Wecker, 123 Neb. 504, 243 N. W. 642. It is a fully supportable presumption that the evidence may well be different where the issues and even the pleadings are different and where parties are nonparticipating or acting in different capacities in the two separate trials.

The original settlement agreement was clearly insufficient to establish the liability of the defendants and was incompetent as evidence at any subsequent trial. § 25-901, R. R. S. 1943. The issues were clearly set out in the pretrial order and the interveners chose to disregard that order. They are now in no position to complain.

The holding of this court on the prior appeal was not a final adjudication of the underlying issues of liability between plaintiff and defendants. The evidence introduced on behalf of the interveners, who now stand in place of the plaintiff, was insufficient to sustain the burden of proof, and the trial court properly sustained the motion to dismiss.

The judgment is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein. We have permitted the appellees to carry out the settlement we found in 183 Neb. 698 to be unfair. We there said: "No room existed for controversy over fairness

of the amount claimed by plaintiff. Smith had purchased 729 head of cattle for $103,144.31 with company funds. He fraudulently executed and delivered to Stewart a bill of sale for the animals under date of December 2, 1960." The settlement agreement provided for items of setoff of $47,308.57. In 183 Neb. 698 we specifically found that an item of $5,700 in the setoff was improper. We also questioned an item of setoff of $19,500; two items totaling $7,801.08 which clearly appear to be improper; and other charges in the amounts of $11,000 and $2,500.

Obviously, the prior trial included testimony on the items claimed in the setoff. To me it is apparent that the appellees should be bound by that testimony and they should not be permitted to frame new issues in an attempt to avoid it. The appellants should have been permitted to introduce the record of the previous case. The effect of the present holding is to suggest fraudulent transactions kept in litigation long enough can eventually secure approval.