SCHOOL DISTRICT OF GERING, IN THE COUNTY OF SCOTTS BLUFF, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE, V. DONALD C. STANNARD ET AL., APPELLEES, IMPLEADED WITH SCHOOL DISTRICT NO. 8 OF SCOTTS BLUFF COUNTY, APPELLANT, CHARLES A. GEIL, INTERVENER-APPELLEE, LOCKWOOD CORPORATION, A DELEWARE CORPORATION, INTERVENER-APPELLANT.

242 N. W. 2d 889

Filed June 9, 1976. No. 40495.

Van Steenberg, Brower, Chaloupka & Mullin, for appellant.

C. F. Fitzke, and John W. Low and David R. Johnson of Dawson, Nagel, Sherman & Howard, for intervener-appellant.

Wright & Simmons, for appellee School Dist. of Gering.

W. H. Kirwin, for appellees Stannard et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is the second appearance of this case before this court. The case began when the plaintiff, School District of Gering, brought an action seeking a declaratory judgment that the transfer of an industrial tract from the plaintiff to the defendant, School District No. 8, was void, and further seeking an accounting of and payment of school taxes levied and collected on the tract in question. One Charles A. Geil, a legal voter and taxpayer of the plaintiff school district, sought to intervene. The District Court denied Geil's motion to intervene and sustained demurrers to the plaintiff's amended petition. The plaintiff School District of Gering and intervener Geil then appealed to this court.

In School Dist. of Gering, v. Stannard, 193 Neb. 624, 228 N. W. 2d 600 (1975), we held that the District Court correctly sustained a demurrer to the plaintiff's cause of action seeking an accounting of and payment of school taxes. We further held that the District Court erred in sustaining a demurrer to plaintiff's cause of action seeking to have the transfer of the industrial tract declared *void*, finding on the basis of the facts as pleaded

that the transfer was violative of section 79-1108, R. R. S. 1943, which stated: "No transfer of property from an accredited school district to a nonaccredited school district of any class shall be permitted." Lastly, we held that the District Court erred in denying the intervention of Geil. The case was remanded to the District Court for proceedings in conformity with the court's opinion. A motion for rehearing by the defendant School District No. 8 was denied and mandate issued.

Thereafter in the District Court, the defendant School District No. 8 filed its answer to the plaintiff's amended petition. The plaintiff and intervener Geil then filed a motion for summary judgment. Prior to the date set for the hearing on this motion, Lockwood Corporation, a Delaware corporation which has a business facility located within the industrial tract, filed a petition of intervention. Lockwood's petition was responded to by the plaintiff and intervener Geil with a document entitled, "Special Appearance, Demurrer, and Answer to Petition of Lockwood Corporation to Intervene as a Defendant." A hearing was held by the District Court on the motion for summary judgment and the motion for special appearance and demurrer to Lockwood's petition. The District Court found that the position of Lockwood and School District No. 8 had already been decided adversely by this court; that there was no genuine issue as to any material fact; and that the plaintiff School District of Gering and intervener Geil were entitled to judgment as a matter of law. Having so determined, the District Court sustained the demurrer to Lockwood's petition of intervention and dismissed it. Both School District No. 8 and Lockwood Corporation appeal from these rulings. We affirm the judgment of the District Court.

Alleged as error are the District Court's dismissal of Lockwood's petition; finding that there was no genuine issue as to any material fact; and holding that the plain-

tiff and intervener Geil were entitled to a judgment as a matter of law.

The defendant School District No. 8 raised the defense of estoppel in its answer to the plaintiff's amended petition. Lockwood Corporation sought to intervene in this case in order to assert estoppel against the plaintiff. School District No. 8 and Lockwood cite the following facts as reasons for applying the doctrine of estoppel to this case: (1) School District No. 8 has become dependent upon the industrial tract to finance its education program; (2) Lockwood and other business entities were induced to locate in the industrial tract by the actions and representations of various public officials in connection with the transfer; (3) the transfer of the industrial tract has resulted in its development and the industrial tract has greatly increased in value as a result of the transfer; (4) as a result of the development of the industrial tract the School District of Gering has benefited; and (5) the School District of Gering and intervener Geil were active participants in the transfer proceedings.

The question of estoppel was raised in this court on the previous appeal by the defendant School District No. 8. The plaintiff's amended petition, which was before the court on the previous appeal, included, by way of attachments, several of the facts now alleged to give rise to an estoppel, including the active participation of the School District of Gering and intervener Geil in the transfer proceedings and that the purpose of the transfer was to give a much lower tax levy to proposed industrial concerns thereby inducing them to locate in and develop the industrial tract. This court held: "Defendants assert that plaintiff is estopped from attacking the action of the county superintendent and argue in their brief that this rests upon plaintiff's acquiescence of the change in boundaries for something over 6 years. We find and determine that the time involved between the superintendent's action and the institution of these

proceedings is insufficient to invoke any such doctrine. Nor are we directed to any allegations in the amended petition that would give rise to the imposition of estoppel on other grounds." School Dist. of Gering v. Stannard, *supra*.

A holding of this court on a first appeal becomes the law of the case on a retrial of the same issues unless on a second trial the facts are materially and substantially different. The burden of showing the material and substantial difference in the facts is upon the party who asserts the difference. Weber v. Southwest Nebraska Dairy Suppliers, Inc., 190 Neb. 389, 208 N. W. 2d 667 (1973); Landmesser v. Ahlberg, 184 Neb. 182, 166 N. W. 2d 124 (1969); Muller Enterprises, Inc. v. Samuel Gerber Adv. Agency, Inc., 182 Neb. 261, 153 N. W. 2d 920 (1967).

The question of estoppel was raised and settled in this case on the previous appeal. That holding is res judicata and the law of the case. The question of estoppel cannot be asserted or argued again even though the theory and rationale in support of the doctrine have been expanded beyond what was previously presented to this court. There is no suggestion that there has been a material or substantial change in the basic facts of this case since the first appeal.

Furthermore, following our first decision in this case a motion for rehearing was filed by defendant School District No. 8, raising the question of estoppel. The court denied the motion for rehearing. Questions raised by motion for rehearing are adjudicated by a ruling on that motion and cannot again be litigated in a subsequent trial. Bohmont v. Moore, 141 Neb. 91, 2 N. W. 2d 599 (1942).

The issue of estoppel has been previously considered by this court and rejected. The issue of estoppel cannot be further raised by defendant School District No. 8, nor can it be raised or asserted by Lockwood Corporation. An intervener takes the suit as he finds it. In

Essay v. Essay, 180 Neb. 47, 141 N. W. 2d 436 (1966), we held: "Ordinarily an intervener must take the suit as he finds it, is bound by the previous proceedings in the case, and cannot complain of the form of the action or the informalities or defects in the proceedings between the original parties." See, also, Gilbert v. First National Bank, 154 Neb. 404, 48 N. W. 2d 401 (1951); Drainage Dist. No. 1 v. Kirkpatrick-Pettis Co., 140 Neb. 530, 300 N. W. 2d 582 (1941). The issue of estoppel having been decided by this court on the previous appeal, the District Court was correct in sustaining the motion for summary judgment by plaintiff School District of Gering and intervener Geil.

Finally, appellant Lockwood urges that the District Court erred in sustaining the demurrer to its petition in intervention. A close inspection of the record reveals that Lockwood was in fact allowed to intervene and participate in the proceedings. Lockwood's petition, after stating facts by which it claimed an interest in the proceedings, raised several affirmative defenses based on estoppel. The District Court, in dismissing Lockwood's petition, in effect dismissed it on its merits. In light of what we have said above, there was no error in so dismissing Lockwood's petition.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.