Z & S CONSTRUCTION CO., INC., APPELLEE, v.
L. ALICE COLLISTER, APPELLANT,
ASHLAND OIL COMPANY, A CORPORATION, APPELLEE.

318 N.W.2d 728

Filed April 23, 1982.  No. 44112.

Robert J. Bulger of Bulger & Jensen, for appellant.

Robert P. Chaloupka of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee Z & S.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

This action was commenced to foreclose a lien for the expense of equipping and operating an oil and gas well. Service upon the defendant Collister, who is a resident of Colorado, was obtained by publication.

A second amended petition, filed July 2, 1979, added a cause of action in quantum meruit for the reasonable value of the goods and services provided by the plaintiff. To this petition the defendant Collister filed a general demurrer and an answer.

On November 19, 1979, trial was had to the court upon all issues except the claim in quantum meruit. That issue was reserved for trial at a later date to a jury, if necessary. On October 29, 1980, the court found generally for the defendant upon the issues tried to the court, and ordered the claim in quantum meruit to be tried at the earliest possible date. The defendant Collister then filed a motion for new trial objecting to that part of the order relating to the trial of the quantum meruit claim and alleging that the court had no jurisdiction over the person of the defendant. The motion for new trial was overruled on January 19, 1981. From that order the defendant Collister has appealed to this court.

We do not reach any of the issues raised by the appellant because it is apparent from the record there has been no final order in the District Court. It is elementary that there can be no appeal to this court until there has been a final order in the court below. *Fritch v. Fritch,* 191 Neb. 29, 213 N.W.2d 445 (1973);

*Dale Electronics, Inc. v. Federal Ins. Co.,* 203 Neb. 133, 277 N.W.2d 572 (1979). The jurisdiction of this court is based upon a final order from which an appeal can be taken. *Root v. School Dist. No. 25,* 183 Neb. 22, 157 N.W.2d 877 (1968).

When, as in this case, substantial rights of the parties remain undetermined and the cause is retained for further action, the order is interlocutory and not final. *Versch v. Tichota,* 192 Neb. 251, 220 N.W.2d 8 (1974); *Krepcik v. Interstate Transit Lines,* 153 Neb. 98, 43 N.W.2d 609 (1950).

There being no final order in the District Court, the appeal is dismissed.

APPEAL DISMISSED.