ROBERT L. BASS, M.D., APPELLEE, V. KENNETH R. DALTON, M.D., APPELLANT.

355 N.W.2d 225

Filed September 21, 1984.   No. 84-155.

Philip T. Morgan of Morgan & Morgan, for appellant.

Donald R. Treadway of Treadway, Bird & Albin, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

In this appeal Kenneth R. Dalton, M.D., defendant-appellant, contends the trial court misinterpreted and misapplied the mandate issued in *Bass v. Dalton*, 213 Neb. 360, 329 N.W.2d 115 (1983) (*Bass v. Dalton I*). We disagree with that contention and affirm.

The relevant facts concerning the dissolution of the partnership consisting of Dalton and Robert L. Bass, M.D., plaintiff-appellee, are set forth in *Bass v. Dalton I* and will not be reiterated here. It is sufficient to recall that *Bass v. Dalton I* held that the method of dissolving the partnership was such that Bass was not entitled to any portion of the partnership assets but that the partnership's profits were a debt of the partnership to the partners rather than an asset of the partnership.

The trial court's adjudication on the accounting was controlled by the rule that holdings of this court on questions presented to it in reviewing the proceedings of the trial court

become the law of the case. Where questions are presented to this court on appeal, our holdings conclusively settle, for the purpose of that litigation, all matters ruled upon, either expressly or by necessary implication. *System Meat Co. v. Stewart*, 190 Neb. 682, 211 N.W.2d 902 (1973). See, also, *School Dist. of Gering v. Stannard*, 196 Neb. 367, 242 N.W.2d 889 (1976).

The accounting herein established that the net profits of the partnership for services rendered prior to its dissolution, less costs and expenses, were $39,832.69. Accordingly, the trial court correctly entered judgment in favor of Bass for half that amount, $19,916.35.

The trial court's adjudication not only comported with the law of this case, it fully complied with the general law of this state. The dissolution of a partnership is but a preparatory step to its termination; a partnership continues after dissolution until the winding up of its affairs is completed. Neb. Rev. Stat. § 67-330 (Reissue 1981); *Essay v. Essay*, 175 Neb. 689, 123 N.W.2d 20 (1963), *op. modified, reh'g denied* 175 Neb. 730, 123 N.W.2d 648. *Essay* held that equal partners were to share equally in the net profits of the partnership until dissolution but that, from the date of dissolution on, the use of each partner's interest in the capital and assets of the partnership and the time and skill devoted by a partner to winding up the partnership were factors to be considered. There is no competent evidence in this case that any partner's capital, assets, time, or skill was devoted to the winding up of the partnership.

In order to avoid future confusion we acknowledge that the review undertaken by this court in *Bass v. Dalton I* was premature and therefore improvident. At that point the trial court had only construed the partnership agreement and ordered an accounting which had not yet been conducted. Therefore, no final order had been entered at the time *Bass v. Dalton I* was appealed, for where substantial rights of the parties remain undetermined and the cause is retained for further action, the order is interlocutory. *Z & S Constr. Co., Inc. v. Collister*, 211 Neb. 348, 318 N.W.2d 728 (1982). The trial court's order in *Bass v. Dalton I* retained the cause for further

action and left substantial rights of the parties undetermined. In the absence of a final judgment, an order granting an accounting is not appealable. *Berry v. Berry*, 140 Cal. App. 2d 50, 294 P.2d 757 (1956); *Page v. Sherman*, 290 P.2d 132 (Okla. 1955). Our oversight in this regard has made it necessary for us to review this case in a piecemeal fashion, a circumstance we do not wish to repeat in future cases.

AFFIRMED.

GRANT, J., not participating.