CITY OF KIMBALL, A MUNICIPAL CORPORATION, APPELLANT,
TRACY CORPORATION II, A NEBRASKA CORPORATION, AND
MICHAEL J. TRACY, APPELLEES, V. UNITED TELEPHONE COMPANY
OF THE WEST, A DELAWARE CORPORATION, APPELLEE.
391 N.W.2d 135

Filed August 1, 1986.   No. 85-349.

Darrel J. Huenergardt of O'Brien, Huenergardt & Cook, for appellant.

John W. Herdzina of Abrahams, Kaslow & Cassman, for appellee Tracy Corporation II.

Michael J. Tracy, pro se.

John F. Wright of Wright & Sorensen, for appellee United Telephone Company.

Robert M. Spire, Attorney General, and John Boehm, for Nebraska Public Service Commission.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the order of the Nebraska Public Service Commission (NPSC) approving a tariff filed by the United Telephone Company of the West (UTC).

On December 27, 1982, UTC filed an application with the NPSC to increase its rates to raise additional revenue of $2,227,330. Various parties, including the appellant, City of Kimball, filed protests to the application, and a public hearing was held on the application on July 19 and 20, 1983. On August 23, 1983, the NPSC approved a rate increase which would raise additional revenue of $650,149 and ordered the UTC to file a schedule of rates which would produce the added revenue. On September 6, 1983, the NPSC entered an order approving

UTC's proposed schedule of rates and charges effective September 7, 1983.

On September 19, 1983, the city filed a motion for rehearing and reconsideration of the September 6, 1983, order. The city's motion for rehearing was overruled on October 25, 1983, and a notice of appeal was filed by the city on November 29, 1983.

On February 23, 1984, we approved a stipulation filed by the parties and remanded the entire matter to the NPSC for reconsideration. The order recited that the parties had stipulated that the NPSC order of September 6, 1983, was void for failure to give notice to interested parties as provided by law and should be set aside and the matter remanded to the NPSC, which should reconsider the schedule of rates as well as all other matters properly before the Commission "at a public hearing with notice to all interested parties as provided by law."

The NPSC held another hearing on January 29, 1985, concerning UTC's proposed schedule of rates and charges. At this hearing the City of Kimball objected to proceeding without a "public hearing" on the revised rate schedules.

On March 19, 1985, the NPSC again approved the schedule of rates and charges filed by UTC. The City of Kimball filed a notice of appeal on April 15, 1985. The other protestants which had appealed have since dismissed their appeals and the city is now the only appellant in this case.

One of the assignments of error made by the city is that the NPSC erred in finding that no "public hearing" upon the schedule of rates and charges filed by UTC was necessary. The commission found specifically that there was "no requirement either in law or our rules that would require further public hearings in this matter" and overruled the objection of the city.

So far as the record before us discloses, the only notice given by the NPSC concerning the hearing on January 29, 1985, was a letter addressed "To All Persons Interested," copies of which were sent to counsel for UTC, the City of Kimball, and two other protestants.

The order of this court remanding the matter to the NPSC with directions to reconsider the schedule of rates at a "public hearing" has now become the law of the case. A decision of this court upon a prior appeal becomes the law of the case on a

retrial of the same issues unless the facts on the second trial are materially and substantially different. *Bass v. Dalton*, 218 Neb. 379, 355 N.W.2d 225 (1984); *School Dist. of Gering v. Stannard*, 196 Neb. 367, 242 N.W.2d 889 (1976). None of the parties have seen fit to brief the questions of law concerning the necessity for a "public hearing" in this matter, so we do not now reconsider our order of February 23, 1984.

It is quite apparent that there has been no compliance with our order of February 23, 1984. Therefore, the matter is again remanded to the Nebraska Public Service Commission for further proceedings in compliance with this opinion.

REMANDED FOR FURTHER PROCEEDINGS.